McWHORTER v. LEWIS, use, &c.

1. Where a promissory note was subscribed thus, "A. A. M. President W. & Coosa R. R. Company," the maker when sued may, under the general issue, or a plea stating the facts specially, defend himself against an action charging him personally, by proving that the note was made for and on account of the corporation designated, in virtue of an authority for that purpose, and so accepted by the payee. But a plea under which such defence is intended to be made, must be verified by oath, according to the statute of this State.

2. When the affidavit of the truth of a plea is necessary, the want of it is a defect available on demurrer.

WRIT of Error to the Circuit Court of Autauga.

The defendant in error declared against the plaintiff in *assumpsit* on a promissory note of the following tenor, viz:

" $553 00.

On the first day of January next, I promise to pay Henry Lewis, or bearer, five hundred and fifty-three dollars, for the hire of three negro men for the present year, to wit, Billy, Abram and Anderson, this 19th January, 1838.

ALVIN A. McWHORTER,
*President W. & Coosa R. R. Company.*"

The defendant pleaded—1. *Non assumpsit.* 2. That the

Legislature, on the 9th of January, 1836, incorporated by sta-
tute the Wetumpka and Coosa Rail Road Company, and among
other powers authorized it to elect a President and Directors.
On the 4th June, 1836, the Company elected a Board of Di-
rectors, who being duly organized, elected the defendant their
President. Afterwards, on the 25th December, 1837, the Di-
rectors, in virtue of the charter, authorized the defendant to
employ, by hiring, slaves and other able bodied hands to work
and be engaged in the service of said Company. The plea
avers, that in pursuance of the directions of the Company, the
defendant hired of the plaintiff three slaves, to wit: Anderson,
Bill and Abram, as the agent and President of the Board of
Directors, and in that character and none other made the note
declared on—that it was delivered to the plaintiff and accepted
by him as the note of the Company, and not as the individual
note of the defendant. And therefore it is alledged that the
credit was given by the plaintiff to the Company alone and
the defendant acted in his official capacity, further that the
labor and services of the slave were received exclusively by
the Company.

The plaintiff took issue on the first plea and demurred to the
second—his demurrer being sustained the cause was submitted
to a jury, who returned a verdict in his favor, on which judg-
ment has been rendered.

On the trial the defendant excepted to the ruling of the pre-
siding Judge. From the bill of exceptions it appears that the
plaintiff introduced the note in suit, and rested his case. The
defendant then proposed to prove that he was duly and legally
elected President of the Wetumpka and Coosa Rail Road
Company, that the Board of Directors, on the 25th of Decem-
ber, 1887, authorized the defendant, as President of the Com-
pany, to employ, by hiring, slaves and other able bodied hands
to work and be engaged in the service of the said Company,
and that in pursuance of the order and direction of the Board
of Directors, he, defendant, hired of the plaintiff three slaves,
named in the note, as the agent and President of the Board
and Company, and in that character, and none other, made the
note for the hire of the slaves. That the plaintiff gave the ex-
clusive credit to the Company, and received the note as its

promise and undertaking—further, the Company received the entire benefit of the services of the slaves hired.

T. WILLIAMS, with whom was S. STORRS, for the plaintiff in error.

PRYOR, for the defendant.

COLLIER, C. J.—Lazarus, use, &c. v. Shearer, [2 Ala. Rep. 718,] was an action against the defendant as the acceptor of a bill of exchange, which was addressed to and accepted by him, as "President of the Selma and Tennessee Rail Road Company." The cause was tried on the plea of *non assumpsit*, under which it was attempted to be shown that the bill was drawn and accepted on account of the indebtedness of the company to the drawer, and was received by the payee as imposing a liability on the corporation. But the question of the admissibility of such evidence being raised, this Court were of opinion that it was doubtful, from the face of the contract, whether it was intended to operate as the personal engagement of the defendant or to impose an obligation upon the corporation—and that extrinsic evidence was admissible to show the true character of the transaction. Yet inasmuch as the evidence went to deny that the acceptance was, in law, the defendant's act, as the declaration alledged the plea under which the defence was made should have been supported by affidavit, as required by statute. [Aik. Dig. 283, §137.]

In that case the question of the legal sufficiency of the plea was not made, but the adaptation of the evidence to the issue was reserved by bill of exceptions. Here it is insisted, that the plea which specially sets forth the facts intended to be proved, in order to show that the note declared on, (though made by the defendant,) contained the promise and undertaking of the corporation, is defective for the want of an affidavit. In McAlpin & McAlpin v. May, [1 Stew. Rep. 520,] it was held that a demurrer to a plea reaches the want of an affidavit of its truth, when that is necessary. This decision has been often reaffirmed, and could not be departed from at this day, even if we thought that the law should have been otherwise settled.

The matter of the second plea seems to us to present a suffi-

cient answer to the action, and if either it, or the general issue on which the case was tried, had been verified, we should have no difficulty in reversing the judgment. But our duties are defined by law, and we cannot afford to the plaintiff in error the benefit of a defence of which, by the manner of pleading, he has deprived himself.

The judgment of the Circuit Court is affirmed.