## ALA. COAL MINING CO. *vs.* BRAINARD.

[ACTION ON BILL OF EXCHANGE, BY ENDORSEE AGAINST ACCEPTOR.]

1. *Description of drawee and acceptor.*—A bill of exchange may be drawn upon a person, natural or artificial, by a name different from the proper name of the drawee, and may be accepted in and by a name different from the proper name of the acceptor ; and in an action against the acceptor, by his proper name, if the address and acceptance of the bill are properly described in the complaint, the bill is admissible in evidence.

2. *Proof of execution of bill or acceptance.*—Section 2279 of the Code, construed in connection with sections 2238 and 2280, dispenses with proof of the execution of the written instrument which is the foundation of the action, unless the execution thereof is denied by a sworn plea, not only where the instrument purports on its face to have been executed by the defendant, his partner, agent, or attorney in fact, but where it is alleged in the complaint to have been so executed.

3. *Endorsement by partner, in his own name, of bill belonging to partnership.*—Where the legal title to a bill of exchange is in a subsisting partnership, it can only be transferred by an endorsement in the name of the partnership ; yet the endorsement of one partner, in his individual name, unless assailed

upon some adequate ground, transfers the entire equitable right of the partnership.

4. *Who is proper party plaintiff.*—Under section 2129 of the Code, the endorsee of a bill of exchange, which belonged to a partnership, and which was transferred by the endorsement of one of the partners in his individual name, may maintain an action thereon in his own name.

5. *Variance.*—In an action on a bill of exchange, by an endorsee against the acceptor, the complaint being in the form prescribed by the Code, (p. 551,) a recovery cannot be had upon an endorsement which transfers to the plaintiff an equitable title merely.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. WM. M. BROOKS.

THIS action was brought by James M. Brainard, against the Alabama Coal Mining Company, a domestic corporation; and the complaint was in the following words:

" The plaintiff claims of the defendant $2,200, due on a bill of exchange, which was drawn by one R. Swan, on the 16th November, 1857, for $2,200, upon the defendant, by the name and style of " Steamer *C. W. Dorrance* and owners,' (the said defendant being then and there the owner of said steamer,) and accepted by said defendant, by the name and style of ' St'r *Dorrance, per* 'G. M. Mc-Conico, agent,' (the said McConico being then and there the agent of said defendant, duly authorized to accept said bill as aforesaid,) payable to W. B. Seawell & Co., on demand; which bill, after maturity, was endorsed to the plaintiff, and, with interest, is still due and unpaid. The plaintiff claims of the defendant the further sum of $2,200, due from said defendant on an account stated to one R. Swan, on the 16th November, 1857; also, the further sum of $2,200, for work and labor done for the defendant, by said Swan, on the 16th November, 1857, at the request of said defendant; which several sums of money are the property of plaintiff, and, with the interest thereon, are now due."

A demurrer was interposed to the first count of the complaint, but was overruled by the court. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a bill of exchange, of which the following is a copy:

"Mobile, Nov. 16, 1857.

"Steamer *C. W. Dorrance* and owners will please pay W. B. Seawell & Co. twenty-two hundred dollars, and charge the same to the account of yours, &c.

R. SWAN."

on which were endorsed the following words: "St'r *Dorrance, per* G. M. McConico, agent;" "Pay R. Swan, or order, without recourse on us," (signed by W. B. Seawell;) "Pay James M. Brainard, or order," (signed by R. Swan;) and several payments. "The defendant objected to the reading of said bill of exchange, with the acceptance thereof, because it was variant from the bill of exchange declared on, in that the complaint was upon a bill accepted by the defendant, while the bill offered was accepted by "St'r *Dorrance, per* G. M. McConico, agent;' also, because it was not evidence to sustain a complaint against the defendant as acceptor; also, because there was no proof of the handwriting of R. Swan, the drawer; also, because there was no proof of the authority of G. M. McConico to make such acceptance; also, because said bill was payable to the order of W. B. Seawell & Co., and had never been endorsed by them. Each of these objections, separately and severally as made, was overruled by the court, and the defendant excepted."

"This being all the evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiff; to which charge the defendant also excepted."

The overruling of the demurrer to the first count in the complaint, the admission of the bill of exchange in evidence, and the charge of the court to the jury, are now assigned as error.

ALEX. & JNO. WHITE, for appellant.—1. The plaintiff was not entitled to recover, without proving the execution of the instrument which was the foundation of the action. The statute (Code, § 2279) dispenses with such proof only where the instrument purports on its face to be executed by the defendant, his partner, agent, or attorney in fact.

2. The endorsement of W. B. Seawell did not pass the legal title to the bill, which was in W. B. Seawell & Co. P. & M. Bank v. Willis & Co., 5 Ala. 783; Glasscock v. Smith, 25 Ala. 474. The complaint being in the form prescribed by the Code, for actions "by endorsee against acceptor," (p. 551,) the bill offered in evidence did not authorize a recovery.—May & Bell v. Miller & Co., 27 Ala. 515; Reed v. Scott, 30 Ala. 640. Nor can the recovery on such endorsement be justified under section 2129 of the Code, which expressly exempts from its operation bills of exchange and promissory notes payable in bank or at a private banking-house.

Byrd & Morgan, contra.—1. The demurrer to the complaint was properly overruled, because no grounds of demurrer were specified.—Code, § 2253.

2. There was no variance between the bill described in the complaint and that offered in evidence. There was no plea which put in issue the fact of endorsement, the execution, acceptance, or consideration of the bill, or the plaintiff's title; and hence no proof of those facts was required of the plaintiff. Section 2279 of the Code dispenses with proof of the execution of the instrument sued on, not only where it purports on its face to be signed by the defendant, his partner, agent, or attorney in fact, but also where the complaint alleges that it was so executed. Any other construction of the statute would require the plaintiff, in an action against a woman who had married after the execution of the instrument sued on, to prove its execution, although no plea of non est factum was filed.

A. J. WALKER, C. J.—A bill of exchange may be drawn upon a person, natural or artificial, by a name different from the proper name of such person, and may be accepted by a name variant from the proper name of the acceptor.—Edwards on Bills, 251, 91. The bill of exchange in this case is alleged to have been drawn upon the defendant, by the name and style of "Steamer C. W. Dorrance and owners," and to have been accepted by the defendant, in and by the name and style of "St'r Dor-

*rance, per* G. M. McConico." The bill of exchange given in evidence corresponds, in the name and style of its address and acceptance, with the description alleged ; and, if drawn upon the defendant, and by it accepted as alleged, was admissible in evidence.

[2.] The *onus* of proving the acceptance was upon the plaintiff, by virtue of a well known common-law principle, unless a different rule is established by our statutory law. The provision of the Code (§ 2279) is, that "all written instruments, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence, without proof of the execution, unless the execution thereof is denied by plea, verified by affidavit." If we look alone to the words of this statute, we might understand it as dispensing, in the absence of a sworn plea of *non est factum*, with proof of the execution of such instruments only as upon their face purport to be executed "by the defendant, his partner, agent, or attorney in fact." But it must be construed in reference to other provisions of the Code, and in reference to the purpose and object which must have been had in view in the adoption of it. If it applies only to those instruments which upon their face purport to be executed by the defendant, his partner, agent, or attorney in fact, it might not include instruments which were the foundation of actions against executors or administrators, and instruments executed by a feme sole, upon which she was sued after her name was changed by marriage; yet the form of a plea of *non est factum*, given on page 556 of the Code, shows that it includes the former case ; and it would be most unreasonable, if it did not include the latter.

Section 2279 must be construed in reference to sections 2280 and 2238 of the Code. Section 2280, in general terms, dispenses with proof of the execution of any instrument offered in evidence under the plea of set-off, or other plea in bar, unless the plaintiff put the execution of such instrument in issue by a replication, verified by affidavit. This section does not confine its operation to instruments which purport to be executed by the plaintiff. The terms

of this section are so like those of the old law, (Clay's Digest, 340, § 152,) that it must receive the same construction which seems to have been given to that law, in Lazarus v. Shearer, (2 Ala. 718,) and McWhorter v. Lewis, (4 Ala. 198;) and must be regarded as including instruments averred to have been executed by the plaintiff, but which do not upon their faces purport to have been so executed. It follows, that if section 2279 of the Code includes only those instruments which in their terms purport to have been executed by the defendant, his partner, agent, or attorney in fact, a defendant who brings forward an instrument against the plaintiff by way of defense would, in many cases, stand in a more favorable position than that in which he could stand, if as plaintiff he had brought suit upon the same instrument.

Section 2238, which must be construed in *pari materia* with section 2279, evidently contemplates that every plea which denies the execution by the defendant, his partner, agent, or attorney in fact, of an instrument which is the foundation of the action, shall be sworn to. It is a fair inference, that the rule of pleading here prescribed is co-extensive with the rule of evidence prescribed in section 2279; and that in the cases in which the plea of *non est factum* is, by section 2238, required to be sworn to, proof of execution is dispensed with by section 2279. We think the language of section 2279 of the Code susceptible of a construction, that would make it applicable to instruments which, according to the purport of the complaint, were signed by the defendant, his partner, agent, or attorney in fact; and that construction we are induced by the reasoning above set forth to adopt.

[3.] The bill of exchange in this case was drawn in favor of, and payable to W. B. Seawell & Co. The phrase, " & Co.," affixed to the name " W. B. Seawell," is *prima-facie* evidence that the bill of exchange was drawn in favor of, and payable to a partnership, of which W. B. Seawell was a member. It was competent for one of the partners, if the partnership was subsisting, to endorse the bill; but the legal title of the partnership could only be

transferred by an endorsement in the name of the partnership.—Story on Bills, § 197; Story on Part. § 602; Chitty on Bills, 56, 57, 225; Collyer on Part. §§ 401, 402, 474; Knapp v. McBride & Norman, 7 Ala. 19; Lang's Heirs v. Waring, 17 Ala. 145. It is certain, therefore, that the endorsement of Seawell alone would not have the effect of transferring to the plaintiff's immediate endorser a legal title to the bill of exchange; and if it were necessary for the plaintiff to rely upon a legal title in this action, there could be no recovery. But, notwithstanding the endorsement by one of the partners, in his name alone, would not carry to the endorsee the legal title of the partnership; yet each partner has the complete *jus disponendi* of its choses in action and other personalty, and the transfer by one partner of the bill of the partnership must convey the entire equitable right of the partnership, unless it is assailed upon some adequate ground. 3 Kent's Com. m. pp. 44, 45; P. & M. Bank of Mobile v. Willis & Co., 5 Ala. 770.

[4.] By virtue of such an equitable title, the plaintiff might maintain an action in his own name, under section 2129 of the Code. The clause of that section which does not apply to bills of exchange, or instruments payable in bank, or at a private banking-house, is that which subjects the party suing upon a contract, to any defense which the payor, obligor, or debtor, may have had against the payee, obligee, or creditor, previous to notice of the assignment or transfer.

[5.] But in this case, the first count of the complaint is upon an endorsement; and to allow a recovery upon an equitable title, would be violative of the principle, that the *allegata* and *probata* must correspond. The charge of the court was, therefore, erroneous. The first count of the complaint does not contain an allegation appropriate to a recovery upon the equitable title.—Nesbitt v. Pearson, 33 Ala. 668. If the bill could have been admitted in evidence under the common counts at all, it could only have been after proof of its execution.—May & Bell v. Miller & Co., 27 Ala. 515.

Judgment reversed, and cause remanded.