# Wimberly *et. al. v.* Dallas.

*Action on Promissory Note.*

*Issue as to execution of note foundation of suit; how only can be raised.* — Although a promissory note declared on does not on its face purport to have been executed by the defendant, yet if its execution by him is averred, he cannot deny it, whether it was by mark, initial, or other designation, except by a sworn plea under § 2682 of Revised Code (overruling, on this point, *Flowers* v. *Bitting,* 45 Ala. 448.)

APPEAL from Circuit Court of Sumter.
Tried before Hon. LUTHER R. SMITH.

BRAGG & THORINGTON, for appellant.

ROBT. H. SMITH, *contra.*

BRICKELL, C. J. — As maker or indorser of a promissory note, or other contract in writing for the payment of money, a person may become liable, by any signature he thinks proper to adopt. It is not material whether he uses initials, or a mark, or any other designation, if his intention is to bind himself. *Brown* v. *Butchers' & Drovers' Bank,* 6 Hill, 443.

At common law, when a written instrument was the foundation of suit, if by a proper plea the execution of the instrument was put in issue, the plaintiff was bound to prove that the defendant, or some one acting by his authority, actually signed the instrument. The statute of this state declares all written instruments, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence, without proof of the execution, unless the execution thereof is denied by plea, verified by affidavit. R. C. § 2682. This section of the Code is a substantial reënactment of the territorial statute of 1811, (Clay's Dig. 340, § 152,) and must receive the construction given to that statute, in obedience to the rule, on which this court has uniformly proceeded, that in the adoption of the Code, the legislature is presumed to have known the judicial construction former statutes had received, and therefore the reënactment in the Code of provisions substantially the same as those contained in the former statutes, is a legislative adoption of their known judicial construction. *Ala. Coal Mining Co.* v. *Brainard,* 35 Ala. 476 ; 1 Brick. Dig. 349, § 2. The construction of the statute of 1811 was, that the allegation of the execution of the instrument sued on was mere matter of description, and if the instrument produced conformed to the description, no proof of execution was necessary, in the absence of a verified plea. *Dew* v. *Garner,* 7 Port. 503; *Stone* v. *Gover,* 1 Ala. 287;

[Wimberly v. Dallas.]

*Fowlkes & Co.* v. *Baldwin & Co.* 2 Ala. 705; *Lazarus* v. *Shearer, Ib.* 718; *McWhorter* v. *Lewis,* 4 Ala. 198. Pursuing these decisions, this court construing the present statute, in the case of *Ala. Coal Mining Co.* v. *Brainard, supra,* held, that if the instrument sued on is averred in the complaint to have been executed by the defendant, though it does not purport on its face to have been so executed, it falls within the statute, and must be regarded as the act of the defendant, in the absence of a verified plea, putting in issue its execution. No other construction will subserve the purposes of the statute. The intention of its enactment was to relieve the plaintiff from the burden imposed by the common law, of proving the execution of the instrument sued on, unless the defendant by a verified plea denied its execution. In the absence of such plea, the fact of execution is not in issue; it is admitted of record by the defendant. From this construction no injury results to the defendant. He can always demand an inspection of the instrument, and it must be allowed him. R. C. § 2635. Whether he executed it, or whether it was executed by any one having authority to bind him, is a fact resting within his own knowledge, and it is not unjust to him, to foreclose all inquiry on that point, unless he will pledge his conscience in denial of it.

The promissory note on which this suit is founded, appears on its face to have been signed by the appellant Wimberly with his mark, and is not attested. This signature, it is insisted, is insufficient to bind him without proof of execution, under the first section of the Code, which declares "signature" or "subscription," when used in the code, includes mark when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness. The answer is, that no verified plea denying the execution having been interposed, the fact of execution was not in issue. It was not material how the note was signed, whether with a mark, or with the real name of the appellant, or with a fictitious name, or with any designation he had thought proper to adopt. Failing to interpose a verified plea, he had admitted of record the execution of the instrument. Beside, no proof was offered that he was unable to write, or that he did not in fact write his name, and make the mark, and it is only as to persons who cannot write that the definition of the Code applies. As presented, the question is, whether the note is in legal contemplation the act of the appellant Wimberly — whether it imposes on him a legal obligation or duty. That question, it was determined in the cases of *Fowlkes & Co.* v. *Baldwin & Co., Lazarus* v. *Shearer, McWhorter* v. *Lewis, supra,* could be presented, under the statute only by a verified plea. The fact of execu-

[Moses v. Mayor, &c., of Mobile.]

tion, or the legal effect of the manner of execution, not being in issue, the circuit court did not err in its rulings, to which exceptions have been reserved. The case of *Flowers* v *Bitting*, 45 Ala. 448, is in conflict with the views we have expressed, and on the point we have considered, is overruled.

The judgment is affirmed.