# Walker v. Bentley.

*Action on Promissory Note, by Payee against Maker.*

1. *When sworn replication is necessary.*—When a promissory note, or other written instrument, is offered in evidence under the plea of set-off, or other plea in bar, the execution or assignment thereof can only be put in issue by a replication verified by affidavit (Code, § 3037); and this rule applies to a note which purports to be signed by the maker's mark only, and is not attested by any witness.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. W. B. WOOD.

This action was brought by Moses Bentley against James Walker, and was commenced before a justice of the peace, on the 6th August, 1873; the cause of action being a promissory note for $128.86, executed by the defendant, dated February 9th, 1872, and payable to the plaintiff or order one day after date, on which the balance due was $56.86, after deducting the credits indorsed. The cause having been removed into the Circuit Court by appeal, the plaintiff there filed a complaint on the note; to which the defendant pleaded, among other things, "that said defendant, at and before the commencement of this suit, held and owned a promissory note for $30, with interest from date, made by said plaintiff to William Williams on the 1st August, 1870, and due the 1st December next after date; wherefore said note should be set off against plaintiff's action." To this plea the plaintiff replied—1st, that the note pleaded as a set-off was barred by the statute of limitations of six years; 2d, payment of said note; 3d, that the note was included in the settlement had between plaintiff and defendant when the note sued on was given, and was thus paid and discharged; and, 4th, that the defendant was not the owner of

the note. These pleadings are set out at length in the transcript, in which it is also stated " the defendant takes issue on said replications ;" but the judgment-entry only recites that a demurrer to the plea of set-off was overruled, "and issue being joined on the plea of the general issue, thereupon came a jury," &c. ; while the bill of exceptions thus states the facts : " Issue being joined on the pleadings filed, the plaintiff offered in evidence the note sued on, and rested ; and then the defendant offered in evidence the note pleaded as a set-off," which is set out, " and proved that he bought said note from said Williams, the payee, in the year 1874, and that it was his property at the commencement of this suit, and was due and unpaid; and closed his evidence." This note, as copied in the transcript, is dated the 1st August, 1870, and payable by the 1st December next after date, with interest from date, to William Williams or bearer ; purports to be signed by Moses Bentley, by his mark only, and has no attesting witness. "This was all the evidence on this question ; whereupon the court charged the jury : 'That all written instruments, the foundation of the suit, or offered in evidence as a set-off, purporting to be signed by the party against whom it is offered, must be received in evidence without proof of execution, unless its execution is denied by a sworn plea ; and is evidence of the debt. That signature includes the making of a mark, when the person can not write ; his name being written near it, and witnessed by a person who writes his own name as a witness. A note, therefore, which has only a cross mark, and no witness, is not sufficient evidence of the debt, and, if not supported by other testimony, is not, of itself, sufficient evidence of the debt, under sections 3035 and 3036 of the Code.' The defendant excepted to this charge, and requested the court to instruct the jury, that under the plea of set-off in this case, and the plaintiff's replication thereto, the question of the execution of said note [offered] as a set-off, or the consideration thereof, is not in issue, and the jury will not consider such defense to said note." The court refused to give this charge, and the defendant excepted to its refusal; and he now assigns as error the charge given, and the refusal of the charge asked.

W. D. BULGER, for appellant.

WILLIAM H. BARNES, contra.

BRICKELL, C. J.—When a promissory note, or other written instrument, is offered in evidence under the plea of

[Renfro & Andrews v. Loyd.]

set-off, or other plea in bar, the execution or assignment thereof can be put in issue only by a replication verified by affidavit.— Code of 1876, § 3037. If such replication is not filed, the execution or assignment thereof is an admitted fact, for all the purposes of the trial. That a promissory note purporting to be signed by the maker with a mark only, and which is not attested, is the matter of the plea, is not an exception to the statute.— *Wimberly v. Dallas,* 52 Ala. 196.

Reversed and remanded.