# Jasper Mercantile Co. v. O'Rear.

## Action on an Account.

1. *Action on an account; splitting of cause of action; set off.*—In an action on an account against an individual, an account due by plaintiff to a firm of which defendant is a member and exceeding in amount the plaintiff's demand, can not, without plaintiff's consent, be split up so as to allow the defendant to set off a part of it against the account sued on, although the defendant's partner may have consented to the use of the firm debt to the extent of satisfying the demand sued upon.

2. *Same; same; when consent of plaintiff sufficiently shown.*—Where in an action on an account, there is shown an agreement between the plaintiff and the partnership of which the defendant was a member, that orders and time checks issued by a certain mining company, which were turned into the plaintiff by the defendant's firm, should go against the accounts held by the plaintiff against said firm and against the individual composing it, such agreement amounts to a consent by the plaintiff to the splitting up of the firm's cause of action against the plaintiff, on account of the orders and checks turned into the plaintiff, and allows the defendant in such suit, with his partner's consent, to set off against the plaintiff's demand, the debt due the firm, to the extent of satisfying such demand.

3. *Same; same; when defendant can not recover judgment for excess of the claim.*—In such suit, where the claim of the defendant's firm against the plaintiff exceeds the latter's claim against the defendant individually, the consent of the defendant's partner for the defendant to set off against plaintiff's demand, so much of the firm's claim as would satisfy the account sued on, does not authorize the defendant to set off the whole claim and recover the judgment for the excess.

4. *Sufficiency of judgment on demurrer; minute entry.*—To constitute a sufficient judgment on demurrer, there should be a formal entry of the submission on demurrers to specified pleadings, a recital of the consideration thereof by the court, and a formal adjudication, such as, "It is, therefore, considered and adjudged by the court that the demurrers * * * be and they are hereby," overruled or sustained, as the case may be; and the copying into what is intended to be the judgment entry, memoranda on the docket by the judge, such as

"plaintiff's demurrer to * * * pleas overruled, and demurrer to other pleas sustained," is not sufficient as a judgment of the court upon the demurrers.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellant, the Jasper Mercantile Company, a corporation, against Martin O'Rear, and counted upon an account. The defendant pleaded the general issue, payment, and the following special pleas: "4th. The defendant, for further defense to the action of plaintiff, says that at the time said action was commenced, the plaintiff was indebted to G. D. O'Rear and Martin O'Rear, merchant co-partners trading under the firm name of G. D. O'Rear & Company, in the sum of one hundred dollars by account due on the 1st day of April, 1893, (the defendant being the Martin O'Rear of said firm of G. D. O'Rear & Company), which account the defendant hereby offers to set off against the demand of the plaintiff and claims judgment for the excess; for that before and at the time of the making of the account sued on by plaintiff it was understood and agreed on by and between the parties hereto and said G. D. O'Rear that the claim sued on by plaintiff should be set off by said account made by the plaintiff with said G. D. O'Rear & Company; and defendant avers that said partner, G. D. O'Rear, assented to his use of said account as a set off against plaintiff's demand in this action." The fifth plea was, in substance, the same as the fourth. The sixth plea was substantially the same as the fourth, with the exception that it did not claim judgment for the excess of the claim of the partnership over the claim of the plaintiff.

To the 4th, 5th and 6th pleas the plaintiff demurred upon the following grounds: "1st. The said pleas show that at the time of the commencement of this suit the demand which defendant offers to set off was an account due a partnership. 2d. The said demand offered to be set off is wanting in mutuality. 3d. The said pleas show that the demand offered to be set off was not owned by the defendant in absolute right at the time this suit was brought. 4th. Said pleas fail to allege that plaintiff knew of said assent by G. D. O'Rear before the bringing of this suit." These demurrers were

overruled, and the plaintiff filed the following replication: "For further replication to said 4th, 5th and 6th pleas, plaintiff says that the agreement between G. D. O'Rear and Martin O'Rear his partner, was that Martin O'Rear should use said partnership claim only to the extent that it extinguished the claim which the plaintiff had against him, said Martin O'Rear." To this replication the defendant demurred upon the ground that it was a departure from the complainant's complaint, and that the said replication neither denies the facts averred in said pleas, nor does it confess the same, not set up new facts to avoid the legal effect thereof. The judgment entry, as copied in the transcript, as pertaining to the rulings upon the pleadings, was as follows: "This day came the plaintiff by attorney and came also the defendant in person and by attorney, and plaintiff's demurrer to the 4th, 5th and 6th pleas was overruled, and demurrer to the other pleas sustained. Demurrer to replication to 4th, 5th and 6th pleas sustained."

The bill of exceptions recites "that it was admitted that the account of the Jasper Mercantile Company against Martin O'Rear, due on, to-wit, the 1st day of June, 1893, for $47.45 was correct." As shown by the bill of exceptions the evidence on behalf of defendant tended to show that G. D. O'Rear & Co., a mercantile firm, composed of G. D. O'Rear and Martin O'Rear, the defendant, did a grocery business in the city of Jasper, Alabama, that the plaintiffs did a dry goods business in said city; that Long Bros. was a mercantile firm, which also did a grocery business in the same city; that the Lady Ensley Coal, Iron & Railroad Co. operated some coke ovens in Jasper, Alabama, and issued to its employès time checks, which when taken in by said Long Bros. and the Jasper Mercantile Co. they would cash on their pay day, less 7½ per cent.; but would not cash the time checks for any other parties except Long Bros. and the said Jasper Mercantile Company. In November, 1892, Robert Lemert, the general manager of the Jasper Mercantile Co., for and on behalf of plaintiff, having full authority thereto, entered into an agreement with G. D. O'Rear, for and on behalf of the firm of G. D. O'Rear & Co., by which it was agreed that G. D. O'Rear & Co. should take up the checks issued by the Lady Ensley Co., and for whatever purchases were

made by G. D. O'Rear or Martin O'Rear, or G. D. O'Rear & Co. from the Jasper Mercantile Co. the checks issued by the Lady Ensley Co. were to be taken in payment at their face value, and at the end of each month the checks which G. D. O'Rear & Co. had on hand should be turned into the Jasper Mercantile Co., and when the Jasper Mercantile Co. received the money from the Lady Ensley Co., which was the face value less 7½ per cent., they were to pay the money over to G. D. O'Rear & Co., less such amount or amounts as G. D. O'Rear, or Martin O'Rear, or G. D. O'Rear & Co., had traded out with the Jasper Mercantile Co., if any. This agreement was carried out without objection on the part of anybody, until about March 27th, 1893, when Long Bros. finding out the agreement between the Jasper Mercantile Co. and G. D. O'Rear & Co., the agreement was modified to this extent : instead of G. D. O'Rear & Co. taking the checks from their customers direct, they sent their customers to the Jasper Mercantile Co. and the Jasper Mercantile Co. took the checks and issued orders on G. D. O'Rear & Co.; but these orders were in all respects to take the place of the checks of the Lady Ensley Co. under the original agreement.

The evidence for the defendant further tended to show that before the commencement of this suit G. D. O'Rear and Martin O'Rear agreed that Martin O'Rear might off-set so much of the account which G. D. O'Rear & Co. had against the Jasper Mercantile Co. against the account which the Jasper Mercantile Co. had against Martin O'Rear, as would be sufficient to settle the account of the Jasper Mercantile Co. against Martin O'Rear ; and that before the beginning of this suit G. D. O'Rear and Martin O'Rear offered to credit the account, consisting of said checks and orders, which G. D. O'Rear & Co. had against the Jasper Mercantile Co. with the amount of the account which the Jasper Mercantile Co. had against Martin O'Rear ; but that the Mer-. cantile Co. refused to allow this credit, and the credit was never made.

The evidence on behalf of the plaintiff tended to show that the agreement between the Jasper Mercantile Co. and G. D. O'Rear & Co. was that whatever orders and checks were taken up by G. D. O'Rear & Co. during the month should be received in payment at their face value

of whatever purchases were made by G. D. O'Rear & Co. during that month, and at the end of the month whatever checks or orders they had were to be turned over to the Jasper Mercantile Co. by G. D. O'Rear & Co., and when the Mercantile Co. collected the money for G. D. O'Rear & Co., which was the face value of the checks less 7½ per cent,. from the Lady Ensley Co., the Jasper Mercantile Co. was to pay the money over to G. D. O'Rear & Co.; that it had never collected from the Lady Ensley Co. any money on the said orders and checks contained in the account of G. D. O'Rear & Co. against it, but that on the 19th day of April, 1893, a receiver was appointed for the said Lady Ensley Company, and the property of the company was still in the hands of the receiver. The evidence on behalf of the plaintiff further tended to show that at the same time it brought this suit against Martin O'Rear it brought a similar suit against G. D. O'Rear, the other member of the firm of G. D. O'Rear & Co., for a like account, for the sum of $42; and the said G. D. O'Rear to said suit filed his plea of set off, and attempted to off-set the balance of said account of G. D. O'Rear & Co. against the Jasper Mercantile Co., which Martin O'Rear did not attempt to use as a set-off to the suit against him in the justice court; and G. D. O'Rear paid off the judgment obtained against him in the justice court. The other facts of the case are sufficiently stated in the opinion.

The plaintiff requested the court to give to jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe that the agreement made by G. D. O'Rear and Mr. Lemert [plaintiff's agent] included in its scope only the firms they respectively represented, then they must find for the plaintiff." (2.) "If the evidence in regard to what the contract was between G. D. O'Rear & Co. and the Jasper Mercantile Co. leaves the minds of the jury in such a condition as that they cannot say they are reasonably satisfied what the contract was, then they must find for the plaintiff." (3.) "If the jury believe from the evidence that the agreement between the said G. D. O'Rear and Martin O'Rear was that Martin O'Rear should use the partnership claim only to the extent that it would extinguish the claim which the plaintiff had against him, then they must find for the

[Jasper Mercantile Co. v. O'Rear.]

plaintiff for the full amount sued for." The court at the request of the defendant gave to the jury the following written charge, and to the giving of this charge the plaintiff duly excepted: (3.) "I charge you, gentlemen, that in determining what verdict you should render, you should look to the agreement or agreements, if any, entered into by and between the plaintiff and G. D. O'Rear and Martin O'Rear, before the account sued on was made with the plaintiff."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings, the giving of the charges requested by the defendant, and the refusal to give the charge asked by the plaintiff.

COLEMAN & SOWELL, for appellant.—The defendant's pleas of set-off were insufficient. The facts set up in these pleas do not show such a state of facts as would have authorized the appellee to maintain an action of debt or *indebitatus assumpsit* upon the account in his own name. This is necessary in order to authorize a set off. "Ownership at the time of suit brought is of the very essence of the right to plead the claim as set off."— *Jones v. Blair*, 57 Ala. 457; *McCreary v. Jones*, 96 Ala. 592; *Watts v. Sayre*, 76 Ala. 397. The 5th and 6th pleas fail to allege that the appellant knew that G. D. O'Rear assented to the use of the claim as a set off. This was a necessary allegation as stated in the opinion in *Jones v. Blair*, 57 Ala. 457.

Even if it was shown that the plaintiff was indebted to O'Rear & Company, and that G. D. O'Rear assented to the use as set-off of the account by the defendant, as would be sufficient to pay the debt which the defendant owed the plaintiff, still the plaintiff would be entitled to the general affirmative charge, because there can be no assignment of a part of a chose in action, without the consent of the party to whom the demand is due.— *Mandeville v. Welch*, 5 Wheat. (U. S.) 286; *Tiernan v. Jackson*, 5 Peters (U. S.) 580; *Palmer v. Merrill*, 6 Cush. (Mass.) 282; *Tripp v. Brownell*, 12 Cush. (Mass.) 376; *Beardslee v. Morgner*, 73 Mo. 22; *Nat. Bank v. Noonan*, 88 Mo. 372; *McWilliams v. Webb*, 32 Iowa 577; *Fairgreves v. Nav. Co.*, 2 Phil. Rep. 182; *Gibson v. Cooke*, 20 Pick. 17; *Robbins v. Bacon*, 3 Greenl. 346.

APPLING & MCGUIRE, *contra*.—By agreement, usage or consent of all parties interested, before litigation commenced, a partnership demand, or any part thereof, may be used and pleaded as a set off against the demand of a third party, plaintiff in an action against an individual member of the firm; and likewise, *vice versa*, an individual demand against a partnership may be set off, in whole or in part, by a debt due to the defendant firm from a partnership of which such individual plaintiff is a member.—*Evans v. Sims*, 37 Ala. 710; *Clark v. Taylor & Co.*, 68 Ala. 453; *Bradley Fer. Co. v. Pollock*, 104 Ala. 402.

McCLELLAN, J.—The claim of O'Rear & Co. against the Mercantile Co. could not be split up so as to allow Martin O'Rear to set off a part of it against the account of the Mercantile Co. sued on in this case without the consent of the latter. The evidence for the defendant tended to show such consent, but there were contrary tendencies of the testimony. Similarly there was conflict in the evidence as to the scope of the agreement entered into by Lemert and G. D. O'Rear, representing respectively the Mercantile Co. and the O'Rear partnership. The tendency on the one hand was to show that the Mercantile Co. was to accept the checks of the Coke Co. and its own orders given for such checks in payment of any accounts it might have against O'Rear & Co., G. D. O'Rear and Martin O'Rear—the firm or either member of it; while, on the other hand, plaintiff's evidence tended to show that such checks and orders were to be accepted in payment of the indebtedness of said firm only, and not in payment of the accounts of the individual members of the partnership. And whether or not plaintiff consented to the splitting of the cause of action O'Rear & Co. had against it, and part of which Martin O'Rear set off against plaintiff in this suit, depends upon whether the one or the other of the tendencies of the evidence referred to next above presented the real facts: If the agreement was that the orders and checks turned in by O'Rear & Co. should go against the accounts held by plaintiff against said firm, and also against the individuals composing it, or, in other words, that G. D. O'Rear and Martin O'Rear might each apply parts of any debt on account of said checks and orders the plain-

tiff should owe the firm of O'Rear & Co. to the satisfaction of their individual indebtedness to the plaintiff, such agreement would amount to and involve consent on plaintiff's part to a splitting up of the O'Rear & Co.'s cause of action against it. But if said agreement had relation only to the account of plaintiff against O'Rear & Co., then plaintiff's consent to a splitting up of O'Rear & Co.'s cause of action against it is not shown. There was also evidence tending to show "that before the commencement of this suit said G. D. O'Rear and Martin O'Rear agreed that the said Martin O'Rear might offset so much of the account which G. D. O'Rear & Co. had against the Jasper Mercantile Co. against the account the Jasper Mercantile Co. had against Martin O'Rear as would be sufficient to settle the account of the said Jasper Mercantile Co. against Martin O'Rear." Plaintiff's account against Martin O'Rear was $47.75. The account of O'Rear & Co. against plaintiff was $100.75. Hence the carrying out of this agreement between G. D. and Martin O'Rear would have involved the dividing or splitting the cause of action which O'Rear & Co. had against plaintiff, and this could not be allowed without the latter's consent. So that this evidence, if believed, did not take the question from under the influence of the agreement between the plaintiff and O'Rear & Co. Notwithstanding this assent of G. D. O'Rear as to Martin's using a part of the account as a set off to plaintiff's demand against Martin, plaintiff's assent thereto was also necessary, and that assent must be found in the agreement between the partnership and the corporation, as to the terms of which bearing on this point, there was, as we have seen, conflict in the evidence. And we find no evidence in the case tending to show that O'Rear & Co. or G. D. O'Rear ever assented to the use by Martin of the whole account for $100.75 as a set off against plaintiff's demand, but only such part of it as should be equal to the debt on which plaintiff sues, viz., $47.75. Such assent was essential to support those of defendant's pleas which offered to set off the whole of that account, and claimed a judgment over for the excess.

It follows that the whole case turns upon the inquiry as to the scope of the agreement made between the Mercantile Co. and O'Rear & Co. If that agreement was that the checks and orders received by O'Rear & Co.

should be taken by the Mercantile Co. in payment of, or considered as a set-off against, the latter's account against O'Rear & Co. only, and not also its accounts against G. D. O'Rear and Martin O'Rear, individually, then Martin O'Rear could make no use of the account of his firm of $100.75, or any part thereof, against the plaintiff in this case, either as payment or by way of set off; and charge 1 requested by the plaintiff that, "If the jury believe that the agreement made by G. D. O'Rear and Mr. Lemert included in its scope only the firms they respectively represented, then the jury must find for the plaintiff," should have been given. And this is true upon any possible conclusion we might reach as to what pleas and issues were in the case, for all the pleas interposed by the defendant are either entirely lacking in support by the evidence, or they turn upon a disputed question of fact, which was finally submitted to the jury in this charge, as to the terms of said agreement. So that whether the record shows a judgment entry on demurrers to pleas, and motions to strike replications or not, the result is the same. We may remark, however, that the mere copying into what purports or was intended to be a judgment entry of memoranda made on the docket by the judge, such as "plaintiff's demurrer to 4th, 5th and 6th pleas overruled, and demurrer to other pleas sustained," is not sufficient as a judgment of the court upon the demurrers. There should in all cases be a formal entry of the submission on demurrers to specified pleadings, a recital of consideration thereof by the court, and a formal adjudication— such as "It is, therefore, considered and adjudged by the court that the demurrers, &c., &c., &c., be and they are hereby overruled," or sustained, as the case may be.

The court committed no error in refusing charges 2, 3 and 4 requested by plaintiff, nor in giving charge 3 at the request of the defendant.

Reversed and remanded.