# Crawford v. Crawford.

*Action on Garnishment Bond.*

1. *Judgment on demurrer; appeal.*—This court cannot review a rul-

[Crawford v. Crawford.]

ing on demurrer, where the record does not show a judgment rendered thereon. A mere recital in the minute entry that the demurrer was sustained by the court is not a judgment on demurrer.

APPEAL from Henry Circuit Court.

Tried before Hon. J. W. FOSTER.

The appellee sued the appellants on a garnishment bond executed in an ancillary garnishment proceeding in aid of a pending suit. The defendants pleaded the statute of limitations of three years. The plaintiff demurred to the plea on the ground that such action was not barred by the statute of limitation of three years. The appeal seeks to review the ruling of the court sustaining the demurrer.

J. B. DELL, for appellants.

ESPY & FARMER, contra, cited, Jasper Mercantile Co. v. O'Rear, 112 Ala. 247.

McCLELLAN, J.—Defendants filed a plea of the statute of limitations of three years. Plaintiff demurred to the plea. It is claimed that the court sustained this demurrer, and that supposed action is alone assigned as error here. But there is no judgment of the circuit court sustaining the demurrer to be found in the record before us. What purports to be a judgment entry is set out in the transcript. So far as it has any relation to the complaint, plea, or demurrer, its language is this: "Plaintiffs ask leave to file an amended complaint, which was granted by the court. The defendant pleads thereto. Defendant amends his plea No. 1 by leave of the court, and plaintiffs' demurrer to said plea No. 1 as amended is sustained by the court." There is no recitation that the parties came by their attorneys and submitted the cause on the demurrer, nor that the court considered the same and adjudged that the demurrer was well taken, and that it be sustained, or anything of this sort. What was done, and all that was done and is shown by the alleged judgment entry, was and is the copying by the clerk of mere docket memoranda into the record, or what should be the record, or, worse still, the mere assertion

by the clerk that the court sustained the demurrer. This is not, and cannot, supply the place of a judgment on the demurrer, and, being all which appears by the transcript, it is not shown by the record that any judgment was rendered on the demurrer.—*Jasper Mercantile Co. v. O'Rear*, 112 Ala. 247, 255.

We cannot, therefore, consider the assignment of error; its assumption of fact is not supported by the record, and the judgment below must be affirmed.

Affirmed.