# Carter *et al. v.* Long Bros.

*Action on a Promissory Note.*

1. *Pleading and practice; sufficiency of judgment on demurrer.*
   To constitute a sufficient judgment on demurrer, there should be a formal entry of the submission on demurrers to specified pleadings, a recital of the consideration thereof by the court, and a formal adjudgment such as "It is, therefore, considered and adjudged by the court, that the demurrers * * * be and they are hereby" overruled or sustained, as the case may be; and the copying into what is intended to be the judgment entry of a mere recital such as "defendant's demurrers to complaint * * * were overruled," is not sufficient as a judgment upon the demurrers, and will not be reviewed on appeal.

2. *Promissory note; can be executed by maker signing his name on back; sufficiency of complaint.*—While it is usual for the maker of a note to sign his name to the bottom of a note, yet if the person writes his name on the back of the note with the intention of executing it, he becomes bound as the maker thereof; and, therefore, in a suit upon a promissory note against a person who had signed his name on the back of said note, a count of the complaint which avers that said defendant signed his name upon the back, not as endorser, but as maker of the note sued on, sufficiently declares against the defendant as the maker of said note.

3. *Same; issue as to execution of note; can be raised only by veri-*

vol. 1—.

[Carter *et al.* v. Long Bros.]

*fled plea.*—Although a promissory note declared on, does not on its face purport to have been executed by the defendant, but it is averred in the complaint that the defendant whose name was signed on the back of the note signed his name there with the intention of executing it as one of the makers, the execution of said note can not be put in issue or denied by the defendant, except by a verified plea denying the execution thereof, as required by the statute. (Code, § 1801.)

4. *Requisites of plea interposed to complaint containing several counts.*—Where a complaint contains several counts, a plea which professes to answer the entire complaint, but which presents no defense to one of the counts, is bad on demurrer.

5. *Promissory note; agreement between some of the co-makers not sufficient to release the other defendants.*—Where the holder of a promissory note, which was executed by several parties, enters into an agreement with two of the joint obligors to institute suit against the remaining makers of the note in order to establish their liability, such agreement does not amount to the release of those makers who were parties to the contract, and consequently does not discharge from liability the other obligors to the note.

6. *Contract; who may sue on promise for benefit of another.*—A contract may be supported by a consideration moving from a third person as well as from the promisee; and, therefore, where a promise is made to one person for the benefit of another, either one of them may maintain an action upon said contract.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

On July 13, 1897, the appellees, Long Bros., instituted the present suit, against D. K. Carter and J. B. Shields, the appellants; and counted upon a promissory note for $451.60.

As originally framed, the complaint had three counts, but as the defendant's demurrer was confessed as to the second count, no further notice will be taken of it. The 1st and 3d counts declare upon an indorsement by defendants of a promissory waive note, made to J. W. and A. N. Elliot by the Jasper Stone Quarry Co., a body corporate, by F. A. Gamble, as its president, for $451.60, dated the 18th day of December, 1894, due and payable one day after date at the office of the Jasper Trust Com-

pany, Jasper, Alabama, and indorsed in blank jointly and severally, by the defendants, and also by said F. A. Gamble and one John B. Carrington, who are not sued; which said note is alleged to have been assigned and transferred by the payees for value to plaintiffs; and in each of said counts plaintiffs aver that on the 8th day of April, 1895, the defendants each waived protest of said note, and notice thereof, in writing on the back of said note and signed their respective names to such waiver. Waiver of exemptions by defendants was alleged in all the original counts of the complaint, but the complaint was afterward so amended as to strike out that claim, in all said counts and others subsequently added by amendment, and hence no further notice need be taken as to the question of waiver of exemptions.

The plaintiffs subsequently amended the complaint by adding thereto four additional, special counts numbered 4, 5, 6 and 7. In the 4th count the defendants are sued as co-makers of said note. It avers that although the names of the defendants appear on the back of said note, yet the contract and agreement between the defendants and the payees of said note, at the time it was made, and at the time the debt, evidenced by the note, was contracted, was that they, the said defendants, as officers and members of the Jasper Stone Quarry Company, should make the note jointly with it, and that the note was made and the defendants' names written on the back, as makers and not as indorsers, before it was delivered to the payees, all as one act, or transaction, and that the defendants, are jointly, or jointly and severally bound to plaintiffs, who are assignees, or transferees of the note, just the same as if their names had been written below the name of the Stone Quarry Company, in which company defendants are interested as officers and stockholders. The 5th count is like the 4th, in every material particular, except that in it the defendants and the other persons whose names are signed on the back of said note are alleged to be co-sureties for the said Jasper Stone Quarry Company, being officers and stockholders therein, and interested in its affairs, etc.

The 6th count, like the 1st and 3d, declares on the in-

dorsement, waiver of notice and protest, etc., but alleges a consideration for the indorsement moving to defendants, in that it settled a debt they owed the payees, in accordance with an agreement made at the time to that effect; and the acknowledgment to plaintiffs by defendants of their continued liability on the note after plaintiffs purchased it, etc. The 7th count, like the 1st and 3d, declares on said contract of indorsement as such, waiver of notice and protest by defendants, as aforesaid, but also alleges due and legal protest for non-payment and notice thereof to defendants, etc.

The defendants demurred to the 1st, 2d and 3d counts of the complaint. As stated above the plaintiffs confessed demurrer as to the 2d count, and also all the grounds of demurrer to the 1st and 3d counts, except one, the same in each, viz: "That the alleged waiver of notice and protest are shown to have been made after the maturity of the note."

The court sustained this ground of demurrer, and plaintiff amended each of said counts, 1 and 3, by alleging in substance: (1) That the defendant indorsed said waiver of notice and protest in pursuance of a contract or agreement made by them with the payees, in order to enable the payees to sell the note to plaintiffs, thereby binding and obligating themselves to pay the amount due on the note to plaintiffs; and that plaintiffs, relying on this contract and promise, were induced thereby to purchase and did purchase said note. (2.) That defendants indorsed on said note said waiver of notice and protest, in order to enable the payees to trade, and in order to induce plaintiffs to purchase it, whereby plaintiffs were induced to purchase and did purchase said note upon the faith and credit of said waiver, without which they should not have purchased it.

Defendants again demurred to the 1st and 3d counts as amended: (1.) Because said waiver was made after maturity and not on any new consideration. (2.) Because said waiver was not shown to have been based on a contract between plaintiffs and defendants. (3.) Because it is not shown what defendants did to induce plaintiffs to purchase said note. (4.) That said aver-

[Carter *et al.* v. Long Bros.]

ments are mere conclusions. (5.) That said promise to pay was not an unconditional promise.

At the trial at the February term, 1898, defendants demurred to the 4th, 5th and 6th counts of the complaint, but not to the 7th count. To the 4th and 5th because, (1.) They seek to vary the terms of a written contract. (2.) That the contract sued on is shown to be different from the maker's contract. To the 6th count, because, (1.) That the waiver was after maturity and not in pursuance of a contract between plaintiffs and defendants. (2.) That the consideration for the waiver did not move between the parties. (3.) That the waiver was not made in pursuance of a contract between the parties to this suit. (4 and 5) as to waiver of exemptions, confessed.

The judgment entry does not show any rulings upon these demurrers to the 4th, 5th and 6th counts of the complaint. The defendants filed the following pleas:

"1st. They plead, in short, by consent, the statute of frauds. 2d. That the indorsement in blank of the note sued on by the defendants was made after the maturity of the note and was an undertaking to answer for the debt, default or miscarriage of another, and that it was a different and distinct contract from the note itself, and that it fails to express any consideration. 3d. A want of consideration. 4th. That there was no consideration moving to or from the payees of the said note, nor to or from the plaintiffs in this case, in the making of the contract of indorsement in blank. 5th. That the endorsement made by the defendants on the 8th day of April, 1895, in which the notice and protest is waived, was after the maturity of said note, and was an undertaking to answer for the debt, default or miscarriage of another, and that it was a different and distinct contract from the note itself and that it fails to express any consideration. 6th. There was no consideration moving to or from the payees, of said note nor to or from the plaintiffs in this case in the making of the contract of indorsements wherein defendants waived notice and protest. 7th. The defendants allege that they have been released from all liability as indorsers of said note, because of a

[Carter *et al.* v. Long Bros.]

composition entered into by and between the plaintiffs and J. B. Carrington as executor and M. A. Gamble as executrix of F. A. Gamble, deceased, and J. B. Carrington, prior indorsers of said note, on the 18th day of August, 1896, and on the 19th day of February, 1897. Said composition was made without the knowledge or assent of defendants."

The alleged composition of release referred to in the 7th plea was made in a suit brought by J. B. Carrington, executor, and M. A. Gamble, executrix, against Long Bros. and was a part of said 7th plea. The said agreement was executed on August 18, 1896, and provided that Long Bros. should forthwith bring suit on certain notes held by them against all the makers except the personal representatives of F. A. Gamble, and prosecute the same to judgment, it being expressly understood that said agreement was not to affect, in any wise, the liabilities of the makers of said notes to Long Bros. It was then provided that upon the recovery of judgment by Long Bros. said judgment was to be transferred and assigned by them to the personal representatives of F. A. Gamble, deceased. A supplemental agreement to this alleged composition was entered into on February 19, 1897, and provided that "the real purpose or intent of the agreement of August 18, 1896, and of this supplemental agreement is to ascertain and determine the liability of the parties sued on in the case brought by Long Bros. other than M. A. Gamble and J. B. Carrington, whose liability is covered by the agreement of August 18, 1896; and the purpose of transferring the judgment to be obtained by Long Bros. is to avoid the necessity of the suits against the other parties than Gamble and Carrington for contribution. The liability of each of the several parties to contribution among themselves is not to be in any manner affected either by this agreement or the agreement of August 18, 1896."

After setting out the agreement of August 18, 1896, and the supplemental agreement in the 7th plea, the defendants then alleged in said plea as follows: "That the suit provided for to be brought by plaintiffs in the above

[Carter *et al.* v. Long Bros.]

set out agreement, and the suit on the notes or bonds held and relied on by them in their pleas of set-off or recoupment as set out in the above agreement, has reference to the instrument, among others, sued on in this action, and defendants pray to be hence discharged with their reasoable costs."

The 8th plea was as follows: "Come the defendants and say that the indorsement made by defendants on the 8th day of April, 1895, in which the notice and protest is waived, was after the maturity of said note, and was after the delivery to and acceptance of the note by Elliot, and was an undertaking to answer the debt, default or miscarriage of another, and that it was a different and distinct contract from the note itself, and that it failed to express consideration."

The plaintiffs interposed separate demurrers to the several pleas, which were substantially as follows: To 2d and 5th, because, (1.) They do not aver that the waiver of notice and protest was indorsed on the note after its delivery to payees. (2.) That they are in effect, the general issue.

To the 7th plea: (1.) Because it states no fact showing that defendants are released from obligation or liability to pay on the note sued on. (2.) It fails to allege payment of the note. (3.) It fails to show that defendants were prejudiced by the composition pleaded.

To the 4th and 6th pleas: (1.) They fail to impeach the contract of the makers of the note for want of consideration or otherwise.

To the 8th plea: (1.) It fails to deny that the defendants indorsed the note, as alleged, in blank, when made. (2.) It is frivolous. (3.) It is manifestly no answer to the 4th and 5th counts of the complaint. These demurrers were each sustained. To each of the rulings sustaining these demurrers the defendants separately excepted.

Upon the trial of the cause upon issue joined upon the remaining pleas, the plaintiffs introduced in evidence the note sued on. This note was dated December 18, 1894, and was made payable a day after date, to the order of J. W. and A. N. Elliot for $451.60, and contained a

[Carter *et al.* v. Long Bros.]

waiver of exemptions. It was signed "Jasper Stone Quarry Company, per F. A. Gamble, president." There were blank indorsements on the note by F. A. Gamble, D. K. Carter, J. B. Carrington and J. B. Shields. There was also indorsed a credit of $50, bearing date February 5, 1895, and signed by J. W. and A. N. Elliot. There were also separate indorsements as follows: "Notice and protest are hereby waived. April 8, 1895." A similar indorsement on the same day signed by D. K. Carter and also the following endorsement: "Protest is hereby waived, March 25, 1895, (Signed.) F. A. Gamble." There was a similar endorsement signed by J. B. Carrington and dated April 6, 1895.

Upon the introduction of one Jas. Elliot as a witness for the plaintiffs, he testified that he had sold the note to the plaintiffs for the payees of said note, who were his sons, in April, 1895; that said note was indorsed in blank by F. A. Gamble, D. K. Carter, J. B. Carrington and J. B. Shields, at the time it was made, and before it was delivered to and accepted by the payees of said note; that the note as first presented was signed only by the Jasper Quarry Company per F. A. Gamble, as president; that thereupon the witness, as representing the payees of said note, declined to accept it, stating that it was the agreement between the parties that the note would be signed by the individual stockholders of the Jasper Stone Quarry Company; that thereupon the said F. A. Gamble took the note and upon its return to the witness it had upon it the indorsements in blank of the said parties as above named: that with the understanding that said parties were bound as co-makers or sureties, the note was accepted. The witness further testified that upon offering to sell the note for the payees to Long Bros. they declined to purchase the note unless there was waiver of notice and protest, and that thereupon the note was delivered to Gamble in order to have the parties whose names were indorsed on the note waive notice and protest, and that it was under these circumstances the indorsements of waiver of notice and protest were made; Long Bros. declining to purchase the note otherwise.

Upon the introduction of all the evidence the court, at

[Carter *et al.* v. Long Bros.]

the request of the plaintiffs, gave the general affirmative charge in their behalf. The defendants duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the general affirmative charge in their behalf upon each of the several counts of the complainant, at their request.

There were verdict and judgment for the plaintiffs fixing their recovery at $501.50. The defendants appeal and assign as error the several rulings of the trial court to which exceptions were reserved.

T. L. SOWELL, for appellants, cited *White v. Keith,* 97 Ala. 668; *Jordan v. Long,* 109 Ala. 414; *Hood v. Robbins & Smith,* 98 Ala. 484; *Hooks v. Anderson,* 58 Ala. 238.

APPLING & McGUIRE, *contra.* — The judgment upon demurrers, as set forth in the record, will not support appeal.—*Bell v. Otts,* 101 Ala. 186-8; *Speed v. Cocke,* 57 Ala. 209. The plaintiffs can maintain action in this suit.—*Manning v. Marony,* 87 Ala. 563; *Ledbetter v. Vinton,* 108 Ala. 644. To be entitled to the defense sought to be interposed the defendants should have verified their plea. *Ala. Coal Min. Co. v. Brainard,* 35 Ala. 476; *Wimberly v. Dallas,* 52 Ala. 196; *Hammond v. State* 59 Ala. 164; *Bonner v. Young,* 68 Ala. 35; *Rich v. Thornton,* 69 Ala. 473; *Mobile & Montgomery Ry. Co. v. Gilmer,* 85 Ala. 422; *Levy v. Bloch & Co.,* 88 Ala. 290.

According to the great weight of authority, one who writes his name in blank upon the back of a note when it is made and before it is delivered, in order to induce the payee to extend credit thereon, is held to be a co-maker, or surety, according to the facts, and he is as much bound by the consideration expressed in the face of the note as if his name was written at the bottom of the note on the front side, instead of on the back.—*Ledbetter v. Vinton,* 108 Ala. 644; *Good v. Martin,* 24 U. S. Sup. Ct. Repts., (L. ed.), 341; *Melton v. Brown,* 6 So. Rep. 211; 4 Am & Eng. Ency. (2d ed.) 489; 4 Am. & Eng. Ency. (2d ed.) 478-9; *Bank v. Rivers,* 22 So. Rep. 583;

*Hullum v. Bank,* 18 Ala. 805; *Going v. Glegling,* 108 Mich. 285; *Wimberly v. Dallas,* 52 Ala. 196.

The statute of frauds has no application to the contracts of *indorsement* of commercial paper, especially, where, as is a case like this, it is averred or proved that the indorsement is contemporaneous with the making of the paper; for, in that event, the consideration expressed in the note itself is construed to be the consideration for the indorsement.—2 Randolph on Com. Paper, § 843; *Marks v. Bank,* 79 Ala. 550; *Dunbar v. Smith,* 66 Ala. 490; *Espalla v. Wilson,* 86 Ala. 491; *Phillips v. Harbelee,* 45 Ala. 497.

SHARPE, J.—To indicate the disposition of demurrers to the complaint there appears in the record only a recital that "the defendants' demurrers to the complaint as amended as above being refiled to counts 1, 3, 6 and 7 were overruled." It has been several times ruled that the court's action in passing on the demurrers must have been by a judgment, and to be reviewable the record must show such judgment by appropriate words. For that purpose the record in question is insufficient.—*Crawford v. Crawford,* 119 Ala. 34; *McDonald v. Railway Co.,* 123 Ala. 227; *Jasper Mercantile Co. v. O'Rear,* 112 Ala. 247; *Curtlidge v. Sloan,* 124 Ala. 596.

An irregular indorsement, such as appears when at the inception of a note, a person other than the payee writes his name upon its back, does not conclusively imply a contract of a particular nature; therefore, the nature of the instrument and the relation to it of the person so indorsing it, whether as maker, guarantor or indorser, may properly become the subject of inquiry involving the situation and intention of the parties to be arrived at upon averment and proof.—2 Rand. on Com. Paper, § § 831, 832, 833; *Rey v. Simpson,* 22 How. (U. S.), 341; *Chaddock v. Vanness,* 35 N. J. Law, 518; *Hullum v. State Bank,* 18 Ala. 805; *Ledbetter v. Vinton,* 108 Ala. 644; *Eudora Mining &c. Co. v. Barclay,* 122 Ala. 506.

The 4th count of the complaint sufficiently declares against the defendants as makers of the note sued on and under our view of the case it is necessary to notice the

assignments of error only so far as they relate to the case made by that count.

The case of *Ledbetter v. Vinton, supra,* is directly in point both as to the sufficiency of a complaint upon a note averring the defendant's execution thereof by his indorsement, and as to the necessity for a sworn plea to meet such averments. With the exception of *Flowers v. Bitting,* 45 Ala. 448, which was overruled in *Dallas v. Wimberly,* 52 Ala. 196, our decisions have been uniform in holding that § 1801 of the Code, construed with other statutes, requires a denial by a verified plea to put in issue the defendant's execution of a written instrument, the foundation of a suit, whenever such execution is averred in the complaint, whether it is purported by the instrument itself or not.—*Ala. Mining Co. v. Brainard,* 35 Ala. 476; *Dallas v. Wimberly, supra; Levy v. Block & Co.,* 88 Ala. 290; *Mobile & M. R. R. Co. v. Gilmer,* 85 Ala. 422; *Bonner v. Young,* 68 Ala. 35; *Rich v. Thornton,* 69 Ala. 473.

The pleas each profess to answer the whole complaint, and, therefore, such as fail to show a defense to any particular count are subject to demurrer.—*Rodgers v. Brazealc,* 34 Ala. 512. Here there is no sworn plea denying that the note was executed as is averred in the 4th count, and in the absence of such plea the defendants had not the right to show as a defense to that count that the contract was otherwise than as makers of the note. Plea 2 was apparently intended to set up the statute of frauds as against a contract which is averred to have been different and distinct from the note itself. If it should be construed as denying by implication the execution of the note as such, then for lack of verification it might have been stricken out on motion without the assignment of particuar grounds.—16 Encyc. Pl. & Pr. 582, and note 3. That the same result was accomplished by an insufficient demurrer which might have been had without any demurrer is not a reversible error.

Treating the defendants as principals in the note according to the averments of the 4th count, an agreement with other joint obligors to sue the defendants alone in the first instance does not amount to a release of those

[Stacey *et al.* v. Walter *et al.*]

not sued and consequently does not release the defendants.—*Crane v. Alling*, 15 N. J. Law, 423; *Bozeman v. Bank*, 7 Ark. 328; 46 Am. Dec. 29; *Shed v. Pierce*, 17 Mass. 622. Therefore, the status of the defendants was in no way prejudiced by agreement for the extinguishment of mutual claims existing between their co-obligors and the plaintiffs as set out in plea 7.

The 4th plea was bad. A contract may be supported by a consideration moving from a third person as well as from the promisee.—*Mason v. Hall*, 30 Ala. 595; *Shotwell v. Gilkey*, 31 Ala. 724.

There was no error in sustaining the demurrers to the 5th and 6th pleas. They are not properly applicable to the 4th count.

Upon the issues raised under that count, together with the undisputed proof, the plaintiffs were entitled to the general affirmative charge as given, and the charges requested by the defendant were each properly refused.

The judgment will be affirmed.