## Alexander v. The State.

*Indictment for Obstruction of Public Road.*

1. *Obstruction of public road; sufficiency of indictment.*—An indictment which charges that the defendant "did obstruct a certain public road, known as the Columbia and Franklin road in said county, by filling up the ditches on said road without the leave of the court of county commissioners first had and obtained," sufficiently charges the obstruction of a public road, in violation of section 4122 of the Criminal Code of 1886 (Cr. Code, 1896, § 5388), and is not demurrable.

2. *Bill of exceptions; when not considered on appeal.*—Where the record shows that the bill of exceptions contained in a transcript on appeal, was signed by the presiding judge after the time allowed the defendant within which to prepare and present a bill of exceptions, such bill of exceptions is no part of the record on appeal in such case, and will not be considered for any purposes.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

The appellant was tried and convicted under the following indictment: ":The grand jury of said county charge that before the finding of this indictment Newton Alexander did obstruct a certain public road known as the Columbia and Franklin Road in said county, by filling up the ditches on said road without leave of Court of County Commissioners first had and obtained, against the peace and dignity of the State of Alabama." To this indictment the defendant demurred upon the ground that it was defective and insufficient, in that it failed to charge an offense known to the law. This demurrer was overruled, and the defendant duly excepted. Under the opinion it is unnecessary to set out any of the other facts of the case.

W. L. LEE and P. J. THOMPSON, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

[*Ex parte* Lunsford.]

COLEMAN, J.—The defendant was indicted for obstructing a public road, in violation of section 4122 of the Criminal Code of 1886, (Cr. Code of 1896, § 5388). On the 23d of October, 1897, the court made an order "allowing the defendant ten days within which to prepare and present a bill of exceptions." The record shows that the bill of exceptions was tendered and signed on the 4th day of November, 1897; a date after the time allowed. The instrument purporting to be a bill of exceptions, is no part of the record and can not be considered for any purpose. This conclusion leaves no question open for consideration other than the demurrer to the indictment.

The ground of demurrer is, that the indictment fails to charge an offense known to the law. There was no error in overruling the demurrer. The indictment sufficiently charges an offense.

Affirmed.