# Carter v. Long Brothers.

*Motion to Strike Bill of Exceptions from the Record.*

1. *Bill of exceptions; when signed in vacation must show order of court in writing.*—Where a bill of exceptions was signed after the expiration of the term of the court at which the cause

[Carter v. Long Brothers.]

was tried, and there is nothing in the record to show any
minute entry or that an order was made in writing by the
court in term time fixing the time within which the bill of ex-
ceptions might be signed, it will be stricken from the file on
motion—the statement made by the presiding judge and
signed by him that the bill of exceptions was signed "within
the time allowed by the court" not being sufficient to show
that such order was in writing.  Code, § § 616, 617.

APPEAL from Walker Circuit Court.
Tried before Hon. JAMES J. BANKS.
The facts appear in the opinion.

T. L. SOWELL, for appellant.

APPLING &McGUIRE, contra, cited, on motion to strike
M. & R. R. R. Co. v. Worthington, 95 Ala. 398.

DOWDELL, J.—The bill of exceptions in this case is
signed in the following manner:  "Signed this the 6th
day of May, within the time allowed by the court.  Jas.
J. Banks, Judge."  The regular terms of the circuit court
of Walker county begin on the third Mondays in Febru-
ary and August in each year and may continue five
weeks.—Code of 1896, § 908.  The bill of exceptions was
signed after the expiration of the term of the court at
which the case was tried.  There is nothing in the record
to show any agreement of counsel for the signing of the
bill of exceptions in vacation, nor is there anything in
the record showing that the court in term time fixed a
time in which the bill of exceptions might be signed,
unless it can be said that what is stated by the presid-
ing judge in signing the bill of exceptions as above set
out shows an order made in term time.  This statement
as made by the judge does not even show the year when
the same was signed, and it is but a statement by the
presiding judge that time was allowed by the court.
    In the case of Morningstar v. Stratton, 25 So. Rep.
573, s. c. 121 Ala. 437, decided at the last term of this
court, it was held that a memorial of the order made by
the court, fixing a time for the signing of a bill of excep-
tions in vacation, should be done in writing; that such
an order was too important to rest in parol.  There is

[Glass v. Meyer Son & Co.]

nothing in the record to show any minute entry, or that. an order was made in writing by the court in term time, fixing the time within which the bill of exceptions might be signed, and the statement made by the presiding judge and signed by him is not sufficient to show that such an order was in writing.—See Code of 1896, § § 616-617. Under the authority cited above, the motion of appellee to strike the bill of exceptions from the file must prevail. This disposes of the only assignment of error in the case, there being no assignments upon the record proper. The judgment of the circuit court is affirmed.