# Morningstar *v.* Sterne & Co.

## *Action of Trover.*

1. *Bona fide purchaser; purchaser of property when not.*—Where a person receives property from another who has acquired it by theft or fraudulent pretenses, under circumstances calculated to put him on inquiry which if prosecuted would discover to him the dishonest methods of the acquisition by this other, he cannot be said to be a *bona fide* purchaser for value without notice, and is liable to the owner of the property for its conversion.

APPEAL from Mobile Circuit Court.

Tried before Hon. W. S. ANDERSON.

Sterne & Co. sued Morningstar in trover for the conversion of certain cases of shoes. The facts appear fully stated in the opinion.

CHAS. L. BROMBERG and PILLANS, HANAW & PILLANS, for appellant.

G. L. & H. T. SMITH, *contra*, contended that the appellant was not a *bona fide* purchaser, and cited, *Lobe & Bros. v. Flash Bros.*, 65 Ala. 542.

TYSON, J.—One Kelly by false impersonation of McFarland induced the plaintiffs, who were shoe merchants in the city of Montgomery, to ship to the order of McFarland at Forrest, a station on the Louisville & Nashville Railroad, seven cases of shoes, and to render to him a bill showing the purchase by him of them. The sale was upon thirty days' credit. After the arrival of the shoes at Forrest, Kelly, in the name of McFarland, to whom the shoes were consigned, by letter directed the agent of the railroad company at Forrest to forward them to Evergreen, and from Evergreen he had them forwarded to Mobile. Upon their arrival in Mobile, Kelly, who was a stranger to the defendant, called at his place of business, which was that of a pawn-broker, for the

purpose of obtaining a loan of $67.50, giving as an excuse that he needed the money in his business. After making this application for the loan, Kelly went away and soon returned with the cases of shoes upon a dray, and also produced the bill given to him by the plaintiffs. During his absence, however, the defendant went to see Lowenstein Bros., who were wholesale shoe merchants in the city of Mobile, to learn of them "whether there was anything wrong about a fellow bringing seven cases of shoes there," evidently meaning to his shop or Mobile. The loan was consummated and the cases containing the shoes were delivered to the defendant, and a mortgage executd to him by Kelly signed Farland, instead of McFarland. The bill for the goods showed them to have been sold by plaintiffs to McFarland for $123.85; the shipping directions upon the cases not only disclosed their shipment to McFarland, but also showed that they were shipped by the plaintiffs. The record contains the statement that the defendant knew nothing of the fraud perpetrated by Kelly upon the plaintiffs in procuring possession of the bill for the goods and of the goods themselves. It may be true that he had no actual knowledge that Kelly had acquired the possession of the goods and of the bill for them by the most egregious fraud, but his good faith does not depend upon his actual knowledge of the fraud committed by Kelly. Certainly, Kelly, who was desirous of disposing of the property, would not disclose the manner of its acquisition by him; no thief would do this. Such a disclosure would not only have prevented a disposition by him of the property, but would have been incriminating evidence against him upon a prosecution for the criminal act committed by him. Were the circumstances as disclosed by the evidence in the record such as to put the defendant upon inquiry that Kelly had acquired the possession of the goods by dishonest methods? If so, it cannot be said that he was a *bona fide* purchaser for value without notice. We are clearly of the opinion they were, and this seems to have been the opinion of the defendant himself. The reasons that prompted him to make the inquiry of Lowenstein Bros. can be assigned to no other cause, than that he suspected that Kelly had acquired the shoes dis-

33

honestly. Had he followed this honest prompting as he should have done and made inquiry of the plaintiffs, he would doubtless have learned the truth of the transaction, instead of contenting himself with a knowledge of the fact that Kelly had not defrauded his neighbor Lowenstein. Doubtless he felt security from discovery when it was made known to him that Kelly had perpetrated the fraud upon a merchant in a distant city. The conclusion from all the evidence is irresistible and to the exclusion of every adverse inference that the defendant, who is shown by the record to be indifferent as to whose property he takes by way of pledge and from what thief he so acquires it, in this transaction acted in bad faith and is not entitled to invoke that provision of law enforced for the protection of men acting fairly and honestly in a transaction—*bona fide* purchasers for value without notice.—*Loeb & Bro. v. Flash Bros.*, 65 Ala. 542. Not being a *bona fide* purchaser for value without notice, it is a matter of no consequence whether Kelly be regarded as having stolen the shoes, or of having obtained them by false pretenses. The result, so far as this defendant is concerned, is the same. He, having converted them, is liable to the plaintiffs. There was no error in giving the affirmative charge requested by the plaintiffs.

Affirmed.