## Stabler *v.* Bryant.

### *Action of Trover.*

1. *Appeal; record must show that bill of exceptions was signed in term time or within the time fixed by the court or by agreement of parties.*—Before a bill of exceptions can be considered as a part of the transcript in a case on appeal, the record must affirmatively show that said bill of exceptions was signed in term time or within the time fixed by the court in term time, or by the agreement of counsel, as required by

[Stabler v. Bryant.]

statute, (Code, §§ 616, 617); and when the record fails to show either of these facts, the bill of exceptions will be stricken from the transcript upon motion properly made.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellee, L. D. Bryant, brought an action of trover again the appellant, M. L. Stabler.

On the trial of the cause in the circuit court, judgment was rendered in favor of the plaintiff. From this judgment the defendant appealed. The questions presented for review on the present appeal arose from the rulings of the trial court upon the evidence and the refusal of the court to give the charges requested by the defendant.

The term of the court at which the trial was had commenced on May 2, 1899, and under the law could continue in session for three weeks. The cause was tried on the 22d of May, 1899, and the bill of exceptions which is contained in the transcript was signed on July 26th, 1899, and filed with the clerk of the circuit court on August 11th, 1899. There was no recital in the record as to the extension of time for the signing of the bill of exceptions or allowing the bill of exceptions to be signed in vacation, nor does there appear in the record any agreement of counsel to that end. In this court motion was made by the appellee to strike from the transcript the bill of exceptions, on the ground that said bill of exceptions as contained therein was signed and filed in vacation, and the record fails to show any order of the court in term time for the bill of exceptions to be signed in vacation, and fails to show any agreement of parties or their counsel for it to be so signed.

M. L. STABLER, for appellant.

MILLER & BONNER, contra.—The record does not affirmatively show that the bill of exceptions was signed in term time or within the time fixed by the court in term time or agreement of counsel, as the law requires. Code, §§ 616, 617, 618; Alexander v. State, 117 Ala. 220; Kimball v. Penney, 117 Ala. 245.

[Brown v. Johnson Bros.]

DOWDELL, J.—As shown by the record the bill of exceptions was not signed in term time, and the record fails to disclose any order of court allowing the bill to be signed in vacation; nor does there appear in the record any agreement of counsel to that end. The motion, therefore, to strike the bill of exceptions must prevail.—*Morningstar v. Sterne & Co.*, 124 Ala. 512; *Carter et al. v. Long Bros.*, 125 Ala. 280; Code, 1896, §§ 616, 617.

As the assignments of error relate to matters, that can be presented here for review only by bill of exceptions, it necessarily follows that in the absence of a bill of exceptions properly presenting such matters such assignments of error cannot be considered, and the judgment of the court below must be affirmed.