# Dantzler & Sons *v.* Swift Creek Mill Company.

*Assumpsit for Breach of Contract.*

1. *Bill of exceptions; allowing same to be signed in vacation; how shown.*—Where no order for a bill of exceptions in vacation appears in the record of the court below, a bill signed in vacation cannot be considered, although it contains a recital that the same was signed "within the period allowed and ordered by the court for the presentation of a bill of exceptions"; since this is the mere statement of the judge and not the order of the court.

2. *Sufficiency of judgment on demurrer.*—A mere recital in the judgment entry that certain demurrers "were overruled" or "sustained" by the court is not a sufficient judgment by the court upon the demurrers so as to present for the consideration of this court the ruling of the court below upon such demurrers.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellants against the appellee. The bill of exceptions was signed in vacation and no order allowing same appears in the record of the court, but the bill itself recited that it was signed "within the period allowed and ordered by the court for the presentation of a bill of exceptions." There were certain demurrers filed by the plaintiffs and the judgment entry recited that "plaintiffs demurred to pleas Nos. 9 and 12; which upon consideration of the court were overruled."

There were verdict and judgment for defendant and plaintiff appeals.

GUNTER & GUNTER, for appellants.

T. M. STEVENS and LOMAX, CRUM and WEIL, contra.

HARALSON, J.—The bill of exceptions in this case shows on its face that it was signed by the presiding judge in vacation and after the adjournment of the court at which the trial was had.    Nothing appears in the record of the court below showing that any order was made by the court in term time, authorizing a bill of exceptions to be signed in vacation.    The recital in the bill of exceptions that the same was signed "within the period allowed and ordered by the court for the presentation of a bill of exceptions" is nothing more than the statement by the judge and is insufficient to supply the omission of so important a requirement as the making of an order by the court.    It cannot, therefore, be considered for any purpose.—*Carter et al. v. Long et al.*, 125 Ala. 280; *Morningstar v. Straton*, 121 Ala. 437; *Alexander v. The State*, 117 Ala. 220; Elliot on Ap. Pro., * 801 and authorities cited, n. 3; *Kimball v. Penney*, 117 Ala. 245; *Maddox v. Broyles*, 42 Ala. 436; *Bryant v. The State*, 36 Ala. 270.

The two remaining assignments of error relate to the rulings of the court on the pleadings.    It has been repeatedly held by this court that a mere recital in a minute entry that certain demurrers "were over-ruled" or "sustained" by the court, as the case may be, does not show a sufficient judgment by the court upon which to base an assignment of error.—*Ala. Nat. Bank v. Hunt et al.*, 28 So. Rep. 488; *Carter et al. v. Long et al.*, 125 Ala. 280; *Bessemer Land Co. v. Dubose*, 125 Ala. 442; *Cartlidge v. Slone*, 124 Ala. 596; *McDonald v. Railway Co.*, 28 So. Rep. 165, and authorities there cited.

Let the judgment of the circuit court be affirmed.