# White & Spigener v. Whatley.

*Action against Probate Judge to recover Penalty for Excessive Fee.*

1. *Sufficiency of judgment on demurrer; assignment of error.*—A mere recital in the minutes of the court that a demurrer to specified pleadings was sustained or overruled, is not a sufficient judgment of the court so as to support an assignment of error based upon such ruling.

2. *Judgment for failure to plead; duty to plead.*—Where a demurrer is interposed to each of several pleas, but is not disposed of, it is error to enter judgment against the plaintiff for failing to plead, since he has the right to await the action of the court upon his demurrers; and this is true even though the plaintiff may have filed a replication to one of the pleas interposed by the defendant when no disposition is made of the demurrer to such replication.

APPEAL from the County Court of Clay.

Tried before the Hon. W. J. PEARCE.

This action was instituted by appellants to recover the statutory penalty against appellee as Probate Judge of Clay County for charging excessive fees for the record of certain mortgages. The judgment entry in the court below so far as necessary to an understanding of the opinion is as follows: Defendant's counsel then filed demurrers to the amended complaint which were considered by the Court and overruled. The defendant then filed pleas to which the plaintiff filed demurrers and the defendant's pleas and plaintiff's demurrers were duly considered by the Court and the demurrers to plea No. 4 were overruled by the Court. The plaintiff then filed replication to which the defendant demurred and after due consideration by the Court the demurrers to the replication were sustained by the Court. Thereupon the plaintiff refused to plead further and judgment was rendered in favor of the defendant." Then follows judgment for defendant. From this judgment plaintiff appeals and assigns the same as error.

[White & Spigener v. Whatley.]

D. H. RIDDLE and W. M. LACKEY, for appellants.

KNOX, BOWIE & DIXON, *contra*.

SHARPE, J.—It has several times been decided by this court in effect that action of the trial court in sustaining or overruling a demurrer to pleading can be made to appear so as to be assignable for error only by an entry of record sufficiently formal to constitute a judgment upon the particular issue joined on the demurrer and that a mere recital in the minutes that the demurrer was sustained or overruled, is insufficient for that purpose.—*Crawford v. Crawford*, 119 Ala. 34; *Jasper Mer. Co. v. O'Rear*, 112 Ala. 248; *McDonald v. Ala. Midland R'y. Co.*, 125 Ala. 165; *Bessemer Land & Imp. Co. v. Dubose*, 127 Ala. 380; *Carter v. Long*, 124 Ala. 330.

Tested by the rule as declared in the authorities referred to the recitals in this record respecting demurrers to pleas and replications do not show a disposition of those demurrers and consequently do not support the assignments of error based on the assumed disposition of those demurrers.

The judgment purports to have been rendered against the plaintiff in consequence of his refusal to further plead. The propriety of that action depends upon whether in the then existing state of the pleadings it was incumbent on the plaintiff to plead further. Five pleas and demurrers to each of them were on file. None of those demurrers were disposed of by the court but the plaintiff filed replications to the fourth plea and that action doubtless had effect to waive his demurrer to that plea. But with his replications interposed to the fourth plea and the demurrers to those replications, as well as the demurrers to the other pleas remaining undisposed of, the plaintiff had the right to await the court's determination of the issues of law so raised before pleading further. Therefore his refusal to plead further did not place him in default or authorize the rendition of judgment against him. The judgment must be reversed and the cause remanded .