# Tisdale *v.* Alabama & Georgia Lumber Co.

*Action by Material-man for the Enforcement of Statutory Lien against Property of Owner for Material Furnished Contractor.*

1. *Averment of complaint; demurrer.*—In an action by a materialman for the enforcement of the statutory lien against the property of the owner and proprietor for material furnished the contractor for improvements on real estate, it is not necessary, under the statute, to aver in terms in the complaint that the material was furnished under a contract with the contractor; it is enough that the facts averred showed such contract, and that the materials were furnished for and used in the building; and an averment of notice, that on a certain day the plaintiffs served written notice on the owner, "setting forth that they claimed a lien on the building and improvements, the amount thereof, for what and from whom it was owing," is a sufficient averment as to notice, under the statute, when taken in connection with the

[Tisdale v. Alabama & Georgia Lumber Co.]

allegations in the complaint setting forth the amount of the claim, that same was due plaintiffs from contractor, and that the same was for materials furnished for the improvements described in the complaint.

2. *Practice; time for signing bill of exceptions.*—Where during term time, by agreement of the parties, the presiding judge issues an order extending the time for signing a bill of exceptions, the bill of exceptions must be signed within that period, unless it is agreed that a further extension of time be granted, in which case such agreement must be entered into within a period fixed by the previous order. The provisions of the statute cannot be displaced or avoided by consent of the parties. (TYSON, J., *dissenting*.)

2. *Verdict; doubtful and indefinite; insufficient.*—In an action by a material man for the enforcement of the statutory lien against the property of the owner for material furnished the contractor, where the question of an unpaid balance in the hands of the owner is an issue, a verdict that makes a general assessment of damages for the plaintiffs, and then further states that the jury finds that the owner is due the contractor an unexpressed amount, is doubtful and indefinite, and therefore is insufficient to support a judgment against the owner.—(McCLELLAN, C. J., *dissenting*.)

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellee, the Alabama & Georgia Lumber Company, against W. H. Tisdale and Fred Moesser, appellants, for the enforcement of the statutory lien against the property of W. H. Tisdale, as owner and proprietor, for material furnished Fred Moesser, the contractor.

The complaint, among other things, stated the amount of the claim, that the same was due the plaintiff from Fred Moesser, who was the contractor with Tisdale, the owner of the lot, and that the same was for materials furnished for improvements described in the complaint. The complaint contained the following averment: "The plaintiffs alleged that on, to-wit, the 23d day of September, 1898, they served a written notice on W. H. Tisdale setting forth that they claimed a lien on said building and improvement, the amount thereof, for what and from whom it was owing."

The defendant demurred to the complaint on several grounds, among which were the insufficiency of the averment as to the notice given the owner or proprietor by the material-man of his claim, and the failure to allege that the materials were furnished under any contratct with the contractor.

Verdict and judgment were had for the plaintiff; defendant appeals, and assigns the rendering of said judgment and the court's ruling as error.

The facts will be sufficiently understood by reading the opinion.

WATTS, TROY & CAFFEY, for appellant, cited section 2731 Code, 1896; *Cook v. Rome Brick Co.*, 98 Ala. 413; *Childress v. Greenville*, 69 Ala. 103; *Guger v. Huzzey*, 63 Ala. 338; *Speed v. Cocke*, 57 Ala. 218; *Lightly v. Harris*, 20 Ala. 409; *Tombecbee v. Godbold*, 3 Stew. 240; *Tankersly v. Silburn*, Minor 185; 15 Ency. Law (1st ed.), 193; *Brooks v. Blackwell*, 76 Mo. 309; *Minnich v. Darling*, 8 Ind. App. 539; *Kerns v. Flynn*, 51 Mich. 273; *Davis v. John Monat L. Co.*, 2 Colo. App. 281; *Estey v. Halleck*, 4 Colo. App. 165; *Osborn v. Johnson*, 99 Ala 309.

KAY RUSHTON, *contra*, cited *Schmidt v. Smith*, 63 Ala. 252; *Bedsole v. Peters*, 79 Ala. 133.

DOWDELL, J.—This was a suit by a material-man for the enforcement of the statutory lien against the property of the owner and proprietor for materials furnished the contractor for improvements on real estate. The complaint as amended was demurred to. The several grounds of demurrer attack the sufficiency of the averment in the complaint as to the notice given the owner or proprietor by the material-man of his claim. The averment of the complaint in this regard is as follows: "The plaintiffs allege that on, to-wit, the 23rd day of September, 1898, they served a written notice on W. H. Tisdale setting forth that they claimed a lien on said building and improvement, the amount thereof, for what and from whom it was owing." This averment

follows an allegation in the complaint stating the amount of the claim, and also that the same was due the plaintiffs from Fred Moesser, who was the contractor, with Tisdale the owner of the lot, and that the same was for materials furnished for the improvements described in the complaint. We think there can be no question but that this averment as to notice when taken in connection with the other averment in the complaint, was a sufficient compliance with the requirements of the statute as to what the complaint should contain as to the averment of notice served. The case of *Cook v. Rome Brick Co.*, 98 Aa. 409, cited by appellants, is not in point, since there was no question of notice in that case. Nor was it necessary, under the statute, to aver in terms in the complaint that the material furnished was furnished under a contract with the contractor. It is enough that the facts averred showed such contract and that the materials were furnished for and used in the building.

The remaining assignments of error except the 15th relate to matters which can be presented for consideration and review only by proper bill of exceptions. It appears from the record that an order was made in term time on the 6th day of December, allowing sixty days from said date for the signing of a bill of exceptions in the case. It also appears that the bill of exceptions contained in the transcript was signed by the presiding judge on the 2nd day of May following, which was more than two months after the expiration of the time fixed by the order. It does not appear that any order of extension of the time granted was made by the judge in vacation, nor by agreement of parties in writing within the period and before the expiration of the time fixed by the order of the court on December 6th. It has been repeatedly held by this court that in such cases the bill of exceptions cannot be looked to or considered by this court. Section 616 of the Code provides: "No bill of exceptions can be signed after the adjournment of the court during which the exception was taken, unless by consent or agreement of counsel in writing, except in such cases as is otherwise pro-

vided." Section 617 provides: "The court may, in term time, fix a time in which a bill of exceptions may be signed, and the judge may, in vacation, extend such time." Section 618 is as follows: "The parties, or their counsel, may, by agreement in writing entered into in term time, fix a time in which a bill of exceptions may be signed, and may, in like manner, in vacation, extend such time." Construing section 616 and 618 together, it is evident that the consent and agreement of counsel in writing mentioned in the former section can only be available by the terms of the latter section (618) when entered into in term time, unless it be that such agreement in writing was for an extension of the time; then, in that event, it must be made within the period fixed by the previous order. These provisions of the statute cannot be displaced or avoided by the consent of parties. The consent of the appellee for the signing of the bill of exceptions by the presiding judge, made on the 30th day of April, long after the expiration of the period fixed by the order of the court within which bill of exceptions was to be signed, does not help the case, since the only right and power of the presiding judge to sign the bill of exceptions is conferred and regulated by the statute. The language of section 616 is prohibitory—"No bill of exceptions can be signed," etc.,—and the right and authority to do so cannot be conferred by consent or agreement of parties unless such consent or agreement come within the requirements of the statute. Rule 30, p. 1200 of the Code of 1896 has been limited in its operation by the provisions of these statutes above construed.

The 15th assignment of error goes to the insufficiency of the verdict to support the judgment against the defendant Tisdale. The suit is brought under the statute against Moesser, plaintiff's debtor, and to recover of Tisdale any unpaid balance due from him as proprietor and owner of the land to Moesser as contractor, at the time of notice given by the plaintiff to Tisdale of its, plaintiff's, claim, and to enforce plaintiff's lien under the statute for such unpaid balance against the property described in the complaint. Of course, there

could be no judgment against Tisdale or lien declared on his property, without first ascertaining that there was an unpaid balance in his hands at, or subsequent to, the time of plaintiffs' notice, due from him to the defendant Moesser under his contract with said Moesser.

Under the pleadings the question of any unpaid balance in the hands of Tisdale as claimed in the complaint became an issue of fact to be determined by the jury. The verdict returned by the jury was as follows: "We the jury find for the plaintiffs and assess the damages at $395.58. We further find that the plaintiffs have a lien on the property described in the complaint, and that W. H. Tisdale was due the contractor Moesser . . . . . . . . . ., and do hereby condemn the said property for the payment thereof."

The suit being by a material-man, for materials furnished the contractor, on the issue of indebtedness, he may have a personal judgment against the contractor, upon proof of his debt, but as against the owner or proprietor, he can have judgment only to the extent of any unpaid balance found to be due and owing from such owner or proprietor to the contractor, upon the ascertainment of his, plaintiff's, lien.—Code, §§ 2723 and 2739. The verdict and judgment in favor of the plaintiff as against the contractor may be for one sum, and as against the owner and proprietor for a smaller and different sum. The above verdict after ascertaining the plaintiff's damages to be $395.58, proceeds to ascertain a lien on the property described in the complaint, and then proceeds to ascertain the amount due from Tisdale to the contractor Moesser, which is written in the verdict " . . . . . . . . . ." (no dollars), "and do hereby condemn the said property for the payment thereof." That is, to the payment of the amount found to be due from Tisdale to Moesser the contractor, and which is the extent of the lien under the statute, and which the jury here by their verdict states to be "$ . . . . . . . . . ." If the verdict of the jury after finding and assessing the amount of plaintiff's damages, had stopped with the finding of a lien on the property described in the com-

plaint, there would be ground for saying that the intention of the jury was to find against Tisdale for the amount so assessed, and would have been sufficently definite to support a judgment against Tisdale. But that is not the case here. On the contrary, the verdict shows that the jury proceeded to ascertain the amount due from Tisdale to Moesser, but failed to state their finding, whether by oversight, or for some reason, it is not shown. The form of the verdict, with the omission of the amount found to be due from Tisdale to Moesser rendere it doubtful and indefinite, and, therefore, insufficient to support a judgment against Tisdale. It follows that the circuit court erred in rendering a judg-ment on this verdict against Tisdale, and the judgment will be reversed and the cause remanded.

McCLELLAN, C. J., dissents on the ground that the verdict was sufficient to support the judgment rendered.

TYSON, J.,*dissenting.*—While I concur in the reversal of the case upon the point of the insufficiency of the verdict to support the judgment, I cannot assent to the striking of the bill of exceptions or concur in the reasoning assigned therefor. It appears that there was an agreement in writing by counsel that the bill might be signed by the judge. It also appears that this agreement was made and the bill of exceptions signed before the expiration of the time provided by the statute (§ 620), or by Rule of Practice No. 30, page 1200 of the Code. Section 616 requires all bills of exceptions to be signed before the adjournment of the court during which the exception was taken, unless counsel consent in writing to the signing of it in vacation. This section had its origin in the passage of the act of December 20, 1844 (Acts 1844, p. 5), which read: "That hereafter it shall not be lawful for any of the judges of the circuit or county courts to give or sign bills of exceptions, after the adjurnment of the court at which they may preside, and at which the exception may be taken: Provided, however, by consent of counsel reduced to writing, a longer time may be allowed, not to extend beyond ten days from the adjournment of said

court." This act was substantially copied into the Code
of 1852 (§ 2358), with the additional words added, "ex-
cept in such cases as is otherwise provided." The cases
otherwise provided, as will be found by reference to
the Code of that date, were bills of exceptions taken
upon the trial of causes in the probate courts.  (§ 1890
of the Code of 1852.) These statutes were carried with-
out change into the Revised Code (1867), and became
sections 2760 and 2249.  When the Code of 1876 was
adopted, the limitation of ten days in which the bill
of exceptions was to be signed by consent or agree-
ment of counsel, was eliminated, and in lieu thereof
the provisions relating to the agreement by counsel in
writing that the bill of exceptions may be signed, as
it now appears in section 616 of the present Code, was
inserted; and Rule 30 above referred to was adopted,
providing that "bills of exceptions *may be signed* by
the presiding judge at any time during the term at
which the trial or proceeding is had, or, by written con-
sent of the parties, or their counsel, filed in the cause,
at any time before the next succeeding term of such
court, and not afterwards."   This rule and the pro-
visions made by statute for the consent of counsel ex-
pressed in writing that the judge *may sign a bill of
exceptions,* was carried into the Code of 1886.—§ 2762;
Rule 30, p. 810.  It cannot be doubted that as the law
then stood, the judge was authorized to sign a bill of
exceptions after the adjournment of the court at which
the exceptions were taken, provided counsel consented
in writing that he might do so.  And this was the state
of the law at the time of the adoption of the act of Feb-
ruary 22, 1887, now constituting sections 617, 618, 619
and 620 of the present Code, providing that the court
in term time may *fix a time* in which a bill of exceptions
may be signed in vacation, also that the parties by their
counsel may by agreement in writing entered into in
term time, *fix a time* in which the bill of exceptions
may be signed in vacation, also providing for the ex-
tension by the court of the *time fixed* either by the
court or by the parties by agreement in writing, and
also fixing the limitation for the signing of the bill of

exceptions at six months. Repeals by implication are not favored, and unless the provisions of the act of 1887 are necessarily in conflict with section 616 of the Code, it cannot be held that the latter is repealed by the former. It is clearly the duty of the court, if it can, to give effect to all these sections of the Code. The provision in section 616 authorizing the signing of the bill of exceptions in vacation upon the consent or agreement of counsel in writing, makes no reference to the extension *of time,* but deals simply with the right of the judge to sign a bill of exceptions in vacation where counsel in writing agree that *he may do so.* The other sections, 617, etc., deal exclusively with the machinery therein provided for the *extension of time* which may be allowed for the preparation and signing of a bill of exceptions. In other words, there are three exceptions provided by these statutes engrafted upon the general provision that "no bill of exceptions can be signed after the adjournment of the court during which the exception was taken."—§ 616. The first of these exceptions is where the counsel in writing in vacation *agree that the bill of exceptions may be signed;* second, where the court in term time *fixes a time* in which the bill of exceptions may be signed; and third, where the parties or their counsel by agreement in writing entered into in term time, *fix a time* in which the bill may be signed. It is clear we have no inconsistency or conflict between the provisions of these various exceptions, but there is a field of operation for each. The closing sentence of section 616 "except in such cases as is otherwise provided," clearly has no reference to the exceptions engrafted upon the first cause in that section, but has reference to bills of exceptions taken upon the trial in probate courts. Section 465 provides for the signing of a bill of exceptions within ten days after the termination of the trial in that court without an order entered into in term time or an agreement of counsel.