# Brown v. The State.

### Indictment for Murder.

1. *Bill of exceptions; when not considered on appeal.*—When the time for signing a bill of exceptions reserved in the trial of a case in the criminal court of Jefferson county, is not extended by order of the court or written agreement of counsel to be shown by the record, and the bill of exceptions is signed after the expiration of the time fixed by statute for signing bills in said court, such bill of exceptions will not be considered on appeal.

2. *Same; same.*—When a bill of exceptions reserved in the trial of a case is not signed within the time fixed by statute, nor is the time for signing it extended by order of the court or agreement of counsel, shown upon the record, an agreement

[Brown v. The State.]

between counsel made after the expiration of the time pre-
scribed for signing bills of exceptions in said court, that said
bill of exceptions should be then signed, is not effective
to restore the authority for signing and is insufficient to give
validity to a bill of exceptions signed at such time, so as
to authorize its being considered on appeal.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted, tried and convicted for
the murder of Joe Scott and sentenced to be hung.

Under the opinion on the present appeal it is unneces-
sary to set out any of the facts of the case.

The following agreement, signed by the solicitor and
the defendant's attorney, were incorporated in the bill
of exceptions, and was dated July 20, 1901: "Whereas,
the defendant in the above stated cause was con-
victed of murder in the first degree in said court on the
22d day of January, 1901; and whereas, within sixty
days after said conviction, to-wit, on the 24th day of
February, 1901, defendant tendered his bill of excep-
tions to the presiding judge, Honorable Samuel E.
Greene; and, whereas, by reason of severe and protracted
sickness in his family the presiding judge was unable to
examine and sign said bill of exceptions; therefore, the
examination and signing of said bill of exceptions
has been duly postponed from time to time by the con-
sent of the solicitor and counsel for the defendant, and
it is now agreed between them that said bill of excep-
tions may be now signed." The bill of exceptions was
signed July 20, 1901.

FRED S. FERGUSON, S. W. JOHN and BOWMAN, HARSH
& BEDDOW, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The verdict in this case was rendered
January 22, 1901, and that which is set out in the rec-
ord as a bill of exceptions was signed on July 20th,
1901. The time for signing bills of exceptions in the
criminal court of Jefferson county is limited to sixty

days from the trial, when not extended by order of court or written agreement as authorized by the Code. This transcript does not show there was any order of court making such extension or that there was any written agreement on the subject except an agreement to the signing between the solicitor and counsel for defendant dated on the day the bill was signed. On the direct auauthority of *Tisdale v. Ala. & Ga. Lumber Co.,* 131 Ala. 456, it must he held that this agreement not having been made until after the legally authorized time for signing had elapsed was not effective to restore opportunity or authority for signing.

Under the law as declared by many decisions of this court the signature of the judge does authenticate a bill of exceptions so as to authorize its consideration by this court, unless the record shows affirmatively that the signing was done in respect of time, in conformity with the statutes on that subject.—*Dantzler v. Swift Creek Mill Co.,* 128 Ala. 410; *Ala. Min. R. R. Co. v. Marcus, Ib.* 355; *Sterrett v. Davie,* 129 Ala. 269, and cases therein cited.

Such affirmative showing is not supplied by the recitation contained in the written agreement of counsel which, after setting forth reasons for the postponement recites, further that "therefore the examination and signing of said bill of exceptions has been duly postponed from time to time by the consent of the solicitor and counsel for defendant." This court must be enabled to judge from what was done rather than from the opinion of counsel or of the trial judge whether the time for signing was legally postponed, and, therefore, if an order of court is relied on as effecting a postponement it should be set out in the transcript (*Dantzler's case, supra*), and for like necessity, written agreements intended to continue authority for signing should be exhibited in the record.

For the reason stated that which is incorporated in the record as a bill of exceptions cannot be considered as such.

The record proper disclosing no error, the judgment must be affirmed.

[Bailey v. The State.]

Tyson, J., *dissents* from the conclusion that the written agreement did not authorize the signing of the bill of exceptions, adhering to his views expressed in *Tisdale v. Ala. & Ga. Lumber Co.,* 131 Ala. 456.