# Lindsey v. Kenan.

## Action of Assumpsit.

1. *Bill of exceptions; how it should be shown that the bill was signed in vacation.*—Where a bill of exceptions purports to be signed in vacation, and there is in the record neither order of the court nor agreement extending the time for signing, such bill of exceptions will not be considered on appeal, although it contains a recital to the effect that it was signed within the time allowed by the order of the court; such recital being merely a statement of the judge, and, therefore, can not be looked to as establishing an order of the court allowing the bill to be signed in vacation.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. A. H. ALSTON.

This was an action of assumpsit brought by the appellee against the appellant. The apeal is prosecuted from a judgment in favor of the plaintiff. Under the opinion on the present apeal, it is unnecessary to set out the facts in detail.

W. O. MULKEY and SOLLIE & KIRKLAND, for appellant.

P. N. HICKMAN, *contra*.

[Marks & Gayle v. Wood.]

SHARPE, J.—That which is incorporated in the transcript as a bill of exceptions purports to have been signed after the adjournment of the term of court at which trial was had, and there is neither order of court nor agreement extending time for signing. In it there is a recital to effect that it was signed within the time allowed by an order of the court; but that recital, being merely a statement of the judge, cannot be looked to as establishing an order of court, the proper evidence of its existence being a transcript of the order.—*Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410.

The assignments of error are each based on matters which could only be shown by a bill of exceptions, and since the supposed bill is not legally authenticated, the assignments are without support.

Judgment affirmed.