# Zion Fountain Lodge &c. *v.* Folkes, for use.

*Statutory Action of Ejectment.*

[Decided June 10, 1902.]

1. *Bill of exceptions; when properly stricken from record.*—Where the bill of exceptions in a case shows that it was signed by the presiding judge in vacation, but it is not made to appear from the record that any order was made by the court authorizing this to be done, or that there was an agreement by counsel placed upon record for the signing of the bill of exceptions in vacation, such bill is properly stricken from the rec-

39s

[Zion Fountain Lodge, etc., v. Folkes, for use.]

ord on motion made; and the recital in the bill of exceptions that said bill of exceptions was signed within the time allowed by the court in accordance with the order made during the term time, is nothing more than a mere statement by the judge of his recollection, and is not sufficient to prevent the bill of exceptions from being stricken.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment brought by the appellee, J. P. Folkes, for the use of W. R. McKenzie, against the Zion Fountain Lodge No. 54, F. & A. M

There were verdict and judgment for the plaintiff, and the defendant appeals. At the end of the bill of exceptions just preceding the judge's signature, is the following recital: "On Friday, the 10th day of May, during the term of said court, the court made an order granting the defendant twenty days in which to prepare and present its bill of exceptions, and now within the time allowed by the court comes the defendant and presents this as his true bill of exceptions in the said cause and asks that the same be signed by the Hon. John P. Hubbard, judge presiding, which is accordingly done."

In this court there was a motion made to strike the bill of exceptions, because it was not signed in term time, and it does not sufficiently appear that there was an order made extending the time within which the bill of exceptions might be signed.

E. H. HILL, for appellant.

ESPY, FARMER & ESPY, contra, cited *Oakley v. Purcell*, 122 Ala. 653; *Stabler v. Bryan*, 127 Ala. 290.

DOWDELL, J.—The motion to strike the bill of exceptions in this case will have to prevail. The bill shows that it was signed by the presiding judge in vacation. It does not appear from the record that any order was made by the court authorizing this to be done.

The recital in the bill that an order was made by the court for the purpose cannot aid in the matter. Such recital in the bill is nothing more than a statement by the judge of his recollection of such order having been made by the court. Such an order made by the court becomes a part of the records of the court, and on appeal must appear in the transcript as a matter of record. It cannot be supplied by the mere statement of the presiding judge.—*Ala. Min. R. R. Co. v. Marcus,* 128 Ala. 355; *Dantzler v. Swift Creek Mill Co.,* 128 Ala. 410.

There are no assignments of error on the record proper, the only one being on matter that can only be presented by bill of exceptions.

Affirmed.