# Thompson & Bailey *v.* Damskibsakti-eselskabet Habil.

*Action for Breach of Contract.*

1. *Bill of exceptions; when no part of record.*—When an order is made by a court on the last day of the term, extending the time for the signing of a bill of exceptions in vacation, and such bill is not signed within the time prescribed by such order, such bill of exceptions will not be considered on appeal as a part of the record, although it contains a recital that it was signed "within the time allowed by the court and the orders of the judge extending such time for filing bill of exceptions;" since such recital is the mere statement of the judge and not an order of the court.

2. *Practice act of Thirteenth judicial circuit court; construction thereof.*—The act of the legislature, approved February 8, 1901, regulating the practice of the Thirteenth judicial circuit in Mobile county (Acts of 1900-1901, p. 851), does not affect the provisions of section 911 of the Code prescribing ten weeks for the holding of each term of the circuit court in Mobile county.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, a corporation, against the appellants, to recover damages for the alleged breach of a contract. Under the opinion on the present appeal, it is unnecessary to set out the facts of the case in detail.

There were verdict and judgment for the defendant. Thereafter the plaintiff made a motion for a new trial, which was granted. To this ruling the defendant duly

excepted. From the judgment granting the new trial the defendants appeal, and assign the rendition thereof as error.

PILLANS, HANAW & PILLANS and JOHN H. MITCHELL, for appellant.

GREGORY L. & H. T. SMITH, contra.

TYSON, J.—This appeal is prosecuted from an order granting a motion for a new trial. The record shows that the cause was tried at a regular term of the court, which convened on the 21st day of April, 1902, the same being the fourth Monday after the fourth Monday in March; being the date fixed by the statute for the holding of said court.—§ 911 of Code. The statute also prescribes and limits the term to ten weeks. This period of time expired on the 28th day of June, 1902, the day on which the motion appealed from was heard and determined. In other words, the order granting the new trial was entered on the last day of the term. In this entry is also an order allowing the defendant (appellant) sixty days in which to file a bill of exceptions, which time expired on the 27th day of August, 1902. The bill of exceptions bears date the 23d day of October, 1902. It is true, there is a recital in it at the close that it is signed "within the time allowed by the court and the orders of the judge extending such time for filing bill of exceptions." But no such orders of the judge appear in the record. The recital quoted above is wholly insufficient to supply the omission, and the bill of exceptions cannot be considered.—*Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410, and authorities there cited; *Massillon Engine & T. Co. v. Arnold*, 133 Ala. 368; 32 So. Rep. 594.

We have not overlooked the act approved February 8th, 1901, regulating the practice of the thirteenth judicial circuit in Mobile county.—Acts, 1900-1901, p. 851. According to our construction of it, the provision of section 911 of the Code prescribing ten weeks for the holding of each term of the court is unaffected by it.

[Morningstar v. Louisville & Nashville Railroad Company.]

With the bill of exceptions eliminated from consideration, no question is presented for review.

Affirmed.