# Samuel *v.* Nashville, Chattanooga & St. Louis Railway.

## *Garnishment Suit.*

1. *Appeal; record must affirmatively show that bill of exceptions was signed within the time required by law.*—Before a bill of exceptions can be considered as a part of a transcript in a case on appeal, the record must affirmatively show that said bill of exceptions was signed in term time or within the time fixed by the court, or by the agreement of counsel, as required by the statute; and when the record fails to show either of these facts, the bill of exceptions will be stricken from the transcript upon motion properly made, and will not be considered on appeal.

[Samuel v. Nashville, Chattanooga & St. Louis Railway.]

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. JAMES A. BILBRO.

The appellant, Ben Samuel, brought an action of assumpsit against Joseph Glover, and sued out an ancillary writ of garnishment, which was served on the appellee, the Nashville, Chattanooga & St. Louis Railway. In the garnishment suit there was a judgment rendered discharging the garnishee. To the rendition of this judgment the plaintiff duly excepted. From the judgment dismissing the garnishee, the plaintiff prosecutes the present appeal. Inasmuch as the questions sought to be presented on the present appeal could be shown only by bill of exceptions, and the bill of exceptions contained in the transcript is stricken, on motion made in this court by the appellee, it is unnecessary to set out the facts of the case in detail. The grounds upon which the bill of exceptions is stricken are sufficiently shown in the opinion.

O. D. STREET, for appellant.

O. R. HUNDLEY, contra.

HARALSON, J.—The first minute entry of the court as to the time within which a bill of exceptions might be signed, appears to have been made on the 4th day of October, 1900. On that day, on the trial of the garnishment proceeding, on motion of the garnishee, the appellee, it was finally discharged, and from that order the appeal is prosecuted. The bill of exceptions contains the order, "Plaintiff is allowed sixty days from the adjournment of this court, in which to prepare and have his bill of exceptions signed."

The October term, 1900, began on the 12th Monday after the second Monday in July, and lasted for three weeks.—Code, § 907. The second Monday of July, 1900, was on the 9th of that month. The 12th Monday after that date, fell on the 1st of October, when the October term began. The term ended, by limitation, on

Saturday, October the 20th.   Sixty days therefrom, was the 19th of December.

On the 14th of December, before the expiration of the sixty days allowed for signing the bill by this former order, the judge extended the time therefor, for 30 days "from the expiration of the time heretofore allowed," viz., from the 19th December.   This brought the time to the 18th January, 1901.   On the 17th of that month, the time was extended for thirty days, to February 17th.   The bill of exceptions purports to have been signed on the 25th of February, 1901, but the same was not filed till the 22d April following.

At some time after the 17th January, 1901, the judge made and signed the following order, which bears no date: "For good cause shown, time heretofore allowed for bill of exceptions to plaintiff is extended to and including May 10th, 1901." When this order was signed, whether before or after the bill of exceptions was signed, —on the 25th February,—or before or after the 17th of February, the date of the expiration of the last preceding order, does not anywhere appear.   From aught appearing, it may have been signed, after the 17th of February, 1901, and without any order of the judge extending the time from that date.   The record contains no evidence when it was signed, and nothing affirmatively appears that it was signed before that date.

This order must be rejected as forming a part of the record, and cannot be considered for any purpose   Since it does not appear that the bill of exceptions was signed by the judge within the time allowed by law it must, on the motion of appellee, be rejected and stricken.—*Morris v. Brannen,* 103 Ala. 602; *Carter v. Long,* 124 Ala. 330; *Ala. M. R. Co. v. Marcus,* 128 Ala. 355; *Dantzler v. S. C. M. Co.,* 128 Ala. 410; *Stabler v. Bryant,* 127 Ala. 290; *Kimball v. Penney,* 117 Ala. 245.

The judgment of the court below is affirmed.