# Emmett *v.* Farrow.

## Action of Trover.

1. *Bill of exceptions; stricken when not shown to have been signed within the time allowed by order of the court.*—When there is an order of the trial court allowing the party cast in a suit ninety days from the date of the order for the prepa-

[Emmett v. Farrow.]

ration and signing of a bill of exceptions, but the bill of exceptions, as set out in the transcript, appears to have been signed after the expiration of the ninety days so allowed, and the record does not disclose another order or agreement extending the time for the preparation and signing of the bill of exceptions, such bill of exceptions will be stricken from the transcript; and the recital that the signing of the bill of exceptions was "done within the time heretofore allowed therefor" is not effective to establish that the signing was in fact within the time allowed by any order of the court.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was an action of trover brought by the appellee, Thomas L. Farrow, against the appellant, L. S. Emmett, to recover damages for the alleged conversion of personal property. From a judgment in favor of the plaintiff the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

Under the decision on the present appeal it is unnecessary to set out the facts of the case in detail. The facts relating to the point decided are sufficiently shown in the opinion.

O. D. STREET, for appellant.

JOHN A. LUSK, contra.

SHARPE, J.—This cause was tried at an adjourned term of the circuit court which at the regular term was ordered to be begun on April 23d, 1900, and to be held for two weeks. The judgment entry bears date May 4th, 1900, and therein appears an order allowing ninety days for the presentation and signing of a bill of exceptions. Other than that the transcript does not disclose any order or agreement extending time for such signing. That which is set out in the transcript as a bill of exceptions appears to have been signed on the 28th day of August, 1900. It cannot be treated as a bill of excep-

33c

tions because the signing does not affirmatively appear to have been within the time legally allowed therefor. The recital in the supposed bill of exceptions that the signing "is done within the time heretofore allowe therefor," not being sustained by any order or agreement in the transcript, is not effective to establish that the signing was in fact had in due time.—*Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410; *Anniston Elec. & Gas Co. v. Cooper*, 34 So. Rep. 931.

Nothing on the record proper having been assigned as error, the judgment will be affirmed.