# E. C. Porter & Co. *v.* Loeb.

*Assumpsit.*

(Decided April 23, 1906.    40 So. Rep. 761.)

*Appeal; Record; Bill of Exceptions; Signing.*—When a bill of exceptions is signed in vacation, the record must affirmatively show the order of the court or the agreement of attorneys extending the time for signing, and it will not avail to save the bill from being stricken to show such order or agreement in the bill alone.

APPEAL from Houston Circuit Court.

Heard before HON. H. A. PEARCE.

Action by Porter & Co. v. Loeb. The facts on which the opinion was rested sufficiently appear therein.

P. M. McDANIEL, for appellant.—Counsel discussed matter raised by assignment of errors, but does not discuss the point on which the case is determined.

ESPY & FARMER and W. O. LONG, for appellee.—The court cannot consider the bill of exceptions for any purpose.—*Zion v. Folkes*, 132 Ala. 609; *Crawford v. Crawford*, 119 Ala. 34; *Jasper v. O'Rear*, 112 Ala. 247.

HARALSON, J.—On the 14th of November, 1905, in term time, as the bill of exceptions shows, "the presiding judge made and entered upon the record of said circuit court, the following order, to-wit:

[E. C. Porter & Co. v. Loeb.]

" 'Plaintiff allowed until January 1st, 1906, to present and have signed their bill of exceptions in this case.

" 'November 14th, 1905.

" 'H. A. Pearce,
" 'Judge 12th Circuit Presiding.'

"Wherefore, within the time covered by said order, the plaintiffs in this case, presented this and pray that the same be taken and accepted as their bill of exceptions, upon the same being signed, according to law, by his honor Henry A. Pearce, judge of the 12th judicial circuit of Alabama, who presided in the trial of said cause.

"Tendered and approved this, the 21st day of December, 1905.       H. A. Pearce,
"Judge of 12th Judicial Circuit of Alabama, Presiding."

This was in vacation.—Code 1896, § 910, subd. 4.

This order does not appear, so far as shown, on the record proper, and not otherwise in the transcript, than in the bill of exceptions. So far then as appears from the record, there was no agreement of counsel, nor of the court in term time pursuant to the requirements of the statute, which extended the time for the signing of the bill beyond the term of the court.

Such an order, as it is called, as appears above, is of no avail to save the bill of exceptions. The recital in the bill that an order was made by the judge fixing a time in vacation for its signing, unless the order appears in the record proper, is without effect. This omission from the record proper cannot be supplied by a recital in the bill of exceptions. It is nothing more than a statement by the judge.—*Peterman v. State*, 139 Ala. 131, 36 South. 767; *Zion Fountain Lodge v. Folkes*, 132 Ala. 609, 32 South. 485; *Samuel v. N. C. & St. L. Ry.*, 135 Ala. 501, 33 South. 28; *Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410, 30 South. 674.

What purports to be a bill of exceptions must be stricken, and without this no question is presented for review.

Affirmed.

Dowdell, Anderson, and Denson, JJ., concur.