[Central of Ga. Ry. Co., v. Carroll.]

# Central of Ga. Ry. Co., *v.* Carroll.

### Damages for Killing Stock.

(Decided May 31, 1906. 41 So. Rep. 517.)

1. *Appeal; Rulings on Amended Pleadings; Review.*—Where a complaint was amended, but the amendment is not shown by the record, a demurrer to the amended complaint being overruled, this court is unable to review the action of the trial court on demurrer to the amendment.

2. *Same; Record; Bill of Exceptions; Time of Signing; Extension; Order; Necessity of Including in the Record.*—Where the record fails to show an order extending the time for signing a bill of exceptions out of term time, the recitals in the bill of such an order made by the presiding judge cannot supply the omission in the record proper.

3. *Same.*—A bill of exceptions signed in vacation, in the absence of a showing in the record proper of an order extending the time for signing, made in term time, cannot be considered for any purpose.

APPEAL from Houston Circuit Court.
Heard before HON. H. A. PEARCE.

This is an action by S. C. Carroll against the C. of G. Ry. Co., for damages for killing stock. The facts on which the opinion is rested sufficiently appear therein.

ESPY & FARMER, for appellant.—No brief came to the reporter.

R. D. CRAWFORD, for appellee.—No brief came to the reporter.

DOWDELL, J.—The complaint, as originally filed, contained two counts. Demurrers were interposed to each count and were by the court sustained. It appears from the judgment entry that, by leave of the court, after ruling on demurrers, the complaint was amended, and demurrers were refiled to the complaint as amend-

ed, which demurrers were overruled. It does not appear from the record in what the amendment to the complaint consisted. We therefore are unable to review the court's action in overruling the demurrers to the complaint as amended.

Other assignments of error relate to questions which can be considered on appeal only when presented by a proper bill of exceptions. The bill of exceptions in this case appears to have been signed by the presiding judge on the 31st day of July, 1905. This was after the adjournment of the court. The court convened on Monday, the 1st day of May, 1905, and under the law the time was fixed at four weeks. The time, therefore, by operation of law expired on the 28th day of May.—See Gen. Acts 1903, p. 149. It does not appear from the record proper that any order was made by the court in term time for the signing of the bill of exceptions in vacation. It is true that the bill of exceptions contains a recital to the effect that an order was made by the court that the defendant be allowed 30 days in which to prepare and have signed his bill of exceptions. But under former rulings of this court we cannot look to the bill of exceptions for an order of the court which should otherwise appear of record proper. It has, time and again, been held by this court that the bill of exceptions cannot be looked to or considered for any purpose if signed in vacation, when not done in pursuance of the requirements of the law. The recital in the bill of exceptions that an order was made by the court is nothing more nor less than a mere statement by the presiding judge that such was a fact. Such an order is a matter of record, and cannot be supplied by the statement of the presiding judge.

The bill of exceptions in this case, having been signed in vacation, cannot, therefore, be considered by us for any purpose. No error appearing of record, the judgment will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.