# CASES

# SUPREME COURT OF ALABAMA.

### NOVEMBER TERM, 1906-1907.

## Strickland *v.* The State.

*Murder.*

(Decided March 2nd, 1907.   43 So. Rep. 188.)

1. *Criminal Law; Appeal; Record; Bill of Exceptions; Extension of Time for Signing.*—Where a bill of exceptions appears not to have been prepared and submitted within the time allowed originally, it will not be considered, although the bill recites that orders extending the time for signing were made; but such orders are not set out either in the bill or in the record.

2. *Same; Presumptions; Regularity of Action.*—Where the record shows that the case was called and regularly set down for trial, a special venire regularly drawn, and the sheriff ordered to serve a copy of the indictment and such venire upon the defendant, in the absence of a showing to the contrary, it will be presumed, on appeal, that the sheriff properly executed his orders.

3. *Same; Failure to Raise Question Below.*—The failure of the sheriff to serve a copy of the venire and indictment upon the accused one entire day before trial, cannot be raised for the first time upon appeal.

APPEAL from Houston Circuit Court.

Heard before the Hon. H. A. PEARCE.

The defendant was indicted, tried and convicted of killing Matthew Srtickland by shooting him with a rifle. For reasons stated in the opinion, the bill of exceptions was stricken. The errors of record complained of are stated fully in the opinion.   Affirmed.

R. H. Walker, for appellant. No brief came to the Reporter.

Alexander M. Garber, Attorney-General, for appellee. No brief came to the Reporter.

Haralson, J.—The trial was had on May 23, 1906, and the defendant was allowed until July 1, 1906, for a bill of exceptions. The time purports to have been extended by subsequent orders until the 20th of July, 1906, and the bill of exceptions was signed on the 19th of July, 1906. The several orders extending the time, are not set out in the record, or in the bill of exceptions, but the mere recital of the existence of such orders is contained in the bill. The bill of exceptions as to this matter is as follows: "The court in term time made and entered an order allowing the defendant until July 1, 1906, to prepare and submit a bill of exceptions, and on the 30th of June, 1906, and within the time of the first order, made and entered another order extending the time until July 15, 1906, and on July 14, 1906, within the time made and entered another order, extending the time until July 20, 1906; and, now within the time allowed by the court, comes the defendant, and presents this, his bill of exceptions, and asks that the same be signed and approved by the court, which is accordingly done. Signed and approved, this July 19, 1906."

The orders extending the time, as above stated, are not set out in the record, or in the bill of exceptions, but, at most, are the mere recital of the existence of these orders as contained in the bill, as above quoted. In this state of the record, the bill cannot be considered.

As was held in *Mitchhell v. State*, (Ala.) 41 South. 518: "Where the time for the signing of a bill of exceptions has expired, without an entry of an order extending the time, the court cannot by order grant further time * * * The mere recital in the bill of exceptions of what has been done, and the order not appearing on the record, nor by any order signed by the judge, the bill of exceptions cannot be considered." The following cases, to which others might be added, are cited:

*Central of Ga. Ry. Co. v. Carroll,* 148 Ala. 61; 41 South. 517; *Dantzler v. Swift Creek Mill Co.,* 128 Ala. 410, 30 South. 674; *Brown v. State,* 133 Ala. 152, 32 South. 256; *Zion Lodge v. Folkes,* 132 Ala. 609, 32 South. 485; *Thompson v. Habil,* 135 Ala. 249, 33 South. 658; *Peterman v. State,* 139 Ala. 131, 36 South. 767.

The case was set for trial and a special jury was regularly drawn, and the sheriff was ordered to serve a copy of the indictment and venire on the defendant. The transcript is silent as to whether these orders of the court were complied with; and the defendant contends that there is error in the record for this reason. The case of *Hughes v. State,* 117 Ala. 25, 23 South. 677 holds to the contrary. The presumptions are in favor of the sheriff having faithfully discharged his duty in these regards. There was no objection in the court below by defendant on account of a non-compliance with said orders of the court. The failure of the sheriff, to comply with the orders cannot be here raised for the first time.

There being no error apparent on the record, the judgment of the cout below is affirmed.

Affirmed.

DOWDELL, SIMPSON, and DENSON, JJ., concur.